PER CURIAM:
The debtor is a housewife with no regular income. She resides in a home which she values at $269,000.00 and which is subject to three mortgages totaling $160,-000.00. She lists debts to various department stores including approximately $7,000.00 to Rich’s, $500.00 to Blooming-dales, and $900.00 to Burdines. Her debts, all of a non-business consumer nature, total $16,000.00. Ms. Moog’s only significant assets are her home and some household furniture.
The debtor filed a petition in bankruptcy under Chapter 11, the reorganization chapter, on July 25, 1984. The bankruptcy court on its own motion held a hearing on September 27, 1984. No party in interest requested the hearing, nor did any creditor attend the hearing or advocate dismissal. At the hearing the bankruptcy judge expressed his concern that Ms. Moog, as an individual who was not involved in any commercial enterprise, should proceed under Chapter 13 to adjust her debts or under Chapter 7 to liquidate rather than Chapter 11. Accordingly, he ordered the debtor to show cause why her Chapter 11 petition should not be dismissed. Following a hearing in which the debtor objected to the court’s action, the court sua sponte dismissed the debtor’s petition as an abuse of Chapter 11 since Ms. Moog had “no business, no employees, and no known shareholders.” The district court, 46 B.R. 466, affirmed the bankruptcy court’s dismissal of appellant’s Chapter 11 petition. We reverse.
In upholding the bankruptcy court’s dismissal of appellant’s Chapter 11 petition, the district court first relied upon In re Ponn Realty Trust, 4 B.R. 226 (Bkrtcy.Mass.1980) where the court held that Chapter 11 was exclusively intended for utilization in a business setting and not a consumer context, and therefore was not available for an entity whose only asset was a one family, debtor occupied residential dwelling. Ponn Realty Trust addresses a number of issues and facts that are not applicable to the case sub judice. First, the debt- or in Ponn Realty Trust was not an individual, but a business trust whose sole asset was a single family home. Second, there were no unsecured creditors involved in the case but three secured creditors who were the mortgagees and assignees of the real property.[1] To the extent that Ponn Realty Trust stands for the proposition that a consumer debtor whose only asset is a single family debtor occupied dwelling, may not seek relief under Chapter 11, we refuse to adopt such reasoning.
While Chapter 11 is primarily aimed at business debtors, consumer debtors might find Chapter 11 appropriate under certain circumstances. The legislative history supports such an interpretation. “Chapter 11, Reorganization is primarily designed for businesses, although individuals are eligible for relief under the chapter. The procedures of chapter 11, however, are sufficiently complex that they will be used only in a business case and not in the consumer context.” S.Rep. No. 989, 95th Cong., 2d Sess. 3 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5789. See In re Gregory, 39 B.R. 405, 408 (Bkrtcy.M.D.Tenn.1984). Thus, although Chapter 11 petitions are primarily filed by business debtors, the legislative history supports the view that a consumer debtor might file *1075 under Chapter 11 if compelled to do so under certain circumstances.
This case presents the unique circumstance where Chapter 11 is preferable over Chapter 13 for a consumer debtor who wishes to organize. Counsel for appellant stated at the hearing before the bankruptcy court that Ms. Moog had no regular source of income and consequently could not qualify for reorganization relief under Chapter 13. See In re Anderson, 21 B.R. 443, 445-46 (Bkrtcy.N.D.Ga.1981). Consequently, her only means of relief beyond Chapter 11 would be a Chapter 7 liquidation proceeding which would obviously entail the loss of the home, the appellant’s sole asset. Furthermore, counsel at the hearing pointed out that Ms. Moog had already entered into repayment agreements with two previous creditors and sought further reorganization to satisfy the remaining creditors. While Ms. Moog has no regular income, counsel indicated that she has a source of periodic income that might be sufficient to maintain a Chapter 11 reorganization plan. However, because of the bankruptcy court’s sua sponte dismissal, the appellant was never given an opportunity to file such a plan.
We see nothing in the current Bankruptcy Code or its legislative history or the prior Bankruptcy Act that would suggest that a consumer debtor may not seek relief under Chapter 11. First, nothing in 11 U.S.C. § 109(d)[2] which identifies debtors eligible for Chapter 11 relief suggests that petitioner is not qualified to be a debtor for Chapter 11 purposes. In a factually similar case, In re Warner, 30 B.R. 528 (Bkrtcy. 9th Cir.1983), the court stated:
The Warners are qualified to be debtors under 11 U.S.C. § 109(d) and we find nothing else in the Code prohibiting the use of Chapter 11 to debtors seeking to save their family home from foreclosure.
Id. at 529.
Chapter 11 under the current code represents a consolidation of the three reorganization chapters under the previous Bankruptcy Act; Chapter X, Chapter XI, and Chapter XII. Under the Bankruptcy Act individuals and partnerships could file for reorganization under Chapter XI or, if they owned property encumbered by mortgage liens, they could file under Chapter XII. Thus, under the prior Bankruptcy Act, the petitioner would have been eligible for relief under Chapter XII.
Moreover, current Bankruptcy Rule 1007(b) provides in pertinent part:
(b) SCHEDULES AND STATEMENTS REQUIRED.
The debtor in a chapter 7 liquidation case or chapter 11 reorganization case shall file with the court schedules of assets and liabilities, a statement of financial affairs, and a statement of exec-utory contracts, prepared as prescribed by Official Forms No. 6 and either No. 7 or No. 8, whichever is appropriate, unless the court orders otherwise.
Official Form No. 7 is a statement of financial affairs for a debtor not engaged in business and Official Form No. 8 is a statement of financial affairs for a debtor engaged in business. These forms were derived from former Rule 11-11 of the Bankruptcy Act. Thus, the bankruptcy rules themselves follow the procedure under the former Bankruptcy Act and contemplate that a debtor not engaged in business may file for reorganization under Chapter 11.
The district court also erred in finding that despite the explicit language of 11 U.S.C. § 1112(b) which requires that a party in interest request conversion or dismissal of a Chapter 11 petition, that a bankruptcy court sua sponte could dismiss a Chapter 11 case. In reaching this decision the district court declined to follow the rationale of In re Gusam Restaurant Corp., 737 F.2d 274 (2d Cir.1984), where the court held that a bankruptcy court could not sua sponte dismiss a petition *1076 under § 1112(b).[3] • Although recognizing that § 1112(b) requires that a party in interest initiate a dismissal proceeding, the district court held that bankruptcy courts may act sua sponte where dismissal is appropriate for judicial rather than administrative reasons.
Our review of the relevant legislative history convinces us that Gusam Restaurant Corp., supra is a correct statement of the law, and therefore the bankruptcy court’s sua sponte dismissal of appellant’s Chapter 11 petition was improper. The legislative history reveals that one purpose of the new Code was to allow bankruptcy judges more time to focus on their judicial functions by relieving them of some of their administrative burdens. See H.R. Rep. No. 595, 95th Cong., 2d Sess. 89-90, reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6050-51. The two versions of § 1112(b) before Congress reflect this concern. The House version provided that the court could dismiss or convert a Chapter 11 case “on request of a party in interest.” H.R.Rep. No. 8200, 95th Cong., 1st Sess. (1977). The Senate version, however, would have expressly given a court the power to dismiss or convert Chapter 11 cases “on its own motion.” S.Rep. No. 2226, 95th Cong., 1st Sess. (1977). Congress adopted the House version and the legislative intent behind the House version was reflected by the statements of Congressman Edwards and Senator DeConcini, the sponsors of the Code:
[T]he phrase “on request of a party in interest” or a similar phrase, is used in connection with an action that the court may take in various sections of the Code. The phrase is intended to restrict the court from acting sua sponte. Rules of bankruptcy procedure or court decisions will determine who is a party of interest for the particular purpose of the provision in question, but the court will not be permitted to act on its own.
124 Cong.Rec. 32,393 (1978) (statement of Congressman Edwards); 124 Cong.Rec. 33,993 (1978) (statement of Senator DeCon-cini). A plain reading of the statute combined with a review of the legislative history leaves no doubt that the bankruptcy court erred in dismissing the Chapter 11 petition sua sponte.
The district court held that despite § 1112(b) a bankruptcy court has the “inherent power and duty to control its dockets, to preserve its integrity, and to insure that the legislation administered by the court accomplishes its legislative purpose.” (quoting In re Nikron, Inc., 27 B.R. 773, 777 (Bkrtcy.E.D.Mich.1983)). While we do not disagree with this general statement, courts are not free to ignore legislative enactments. We also note that courts are given discretion to dismiss collusive, sham, or frivolous suits, Jefferson 14th Assoc. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir.1983), and may dismiss Chapter 11 filings “with demonstrably frivolous purposes absent any economic reality.” Furness v. Lillienfield, 35 B.R. 1006, 1011 (Bkrtcy.D.C.1983) (quoting In re Northwest Recreational Activities, 4 B.R. 36, 39 (Bkrtcy.N.D.Ga.1980)). None of these situations are present here. For instance, there is no evidence that the petition was filed with an intent to abuse the judicial process in the hope of delaying creditors. There is nothing suspicious in the timing of the petition, nor can there be any allegation that real debt and real creditors do not exist. See In re Century City, Inc., 8 B.R. 25 (Bkrtcy.D.N.J.1980). Nor can there be any claim that the debtor has no assets to protect. See In re Dutch Flat *1077 Investment Co., 6 B.R. 470 (Bkrtey.N.D.Cal.1980).
We hold that absent any evidence of a lack of good faith on the part of the petitioner, the bankruptcy court erred in dismissing the Chapter 11 petition sua sponte before the debtor had an opportunity to file a reorganization plan. This holding, of course, would not preclude the bankruptcy court from later dismissing appellant’s Chapter 11 case for cause as outlined by § 1112(b). However, we hold that based upon the record before us, there is no evidence of bad faith on the part of the petitioner and absent a motion by a party in interest, the court was without power to dismiss the case sua sponte.
REVERSED and REMANDED.

. As stated by the court in Ponn Realty Trust, supra:
In essence, this purported Chapter 11 proceeding is in reality a dispute between the mortgagor of a single-family, owner-occupied dwelling and the mortgagees and assignees. There are no other interested parties. The interests of both the creditors and the debtor would be better served by a dismissal allowing the state courts to proceed to determine, in accordance with applicable nonbankruptcy law, the mortgage and contract disputes.
4 B.R. at 232.

. Section 109(d) reads:
Only a person that may be a debtor under chapter 7 of this title, except a stockholder or a commodity broker, and a railroad may be a debtor under chapter 11 of this title.

. Section 1112(b) states in pertinent part:
Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause....
See also Zip Print Inc. v. Keller, 4 B.R. 676, 677 n. 1 (Bkrtcy.N.D.Ga.1980) (Section 1112 permits dismissal or conversion of reorganization proceedings only upon the request of a party in interest).