**In the Matter of WELWOOD CORPORATION, Debtor.**

**Bankruptcy No. 85–2794.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 2, 1986.

Gregory Mierzwinski, Tampa, Fla., for Palmers and Tampa Hotel Venture.

Jeffrey Warren, Tampa, Fla., for debtor.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Motion to Dismiss the above-captioned Chapter 11 case. The Motion was filed by Tampa Airport Hotel Ventures and Alexander Palmer (Palmer). It appears that the following facts relevant to the motion are without dispute and are as follows:

Prior to the commencement of this case, a suit was filed in the United States District Court by Palmer naming Mr. Woods (Woods) and Mr. Welty (Welty) as defendants, alleging security violations by them and seeking money damages. Welwood Corporation, Debtor, also filed a suit against Metropolitan Life and Palmer in the Circuit Court for Hillsborough County and sought money damages for an alleged breach of contract by Palmer and Metropolitan. Palmer and Metropolitan filed a counterclaim in that suit and sought to enforce a claimed security interest in the management contract, the very same contract which, according to the Debtor, was breached by Palmer and Metropolitan. This contract was previously held by the Debtor under which the Debtor was to manage the Hilton Hotel, a hotel which was owned by a joint venture composed of Metropolitan Life and a partnership composed of Woods, Welty and Palmer.

In the state court action, the Debtor sought injunctive relief prohibiting the enforcement of the security agreement by Palmer, without success. Having been faced with the possibility of losing the very basis of its lawsuit against Palmer and Metropolitan, the Debtor filed its Chapter 11 petition in order to use the protection of the automatic stay imposed by § 362 of the Bankruptcy Code and litigate its claim in this Court against Palmer and Metropolitan.

It is further without dispute that the Debtor Welwood is no longer operating any business, has no employees, no unsecured debts of any consequence, and no assets of any sort except its money damage claim pending in the Circuit Court against Metropolitan Life and Palmer, the validity of which is yet to be established. Its only creditor of any substance is the money allegedly owed to an affiliate corporation, and its chances to ever obtain confirmation of any plan would hinge on the ability of the Debtor to show feasibility of any plan, if one is submitted, which in this case would be a hope to fund a plan from the possible recovery against Metropolitan or Palmer.

In sum, this case involves nothing more than a two-party dispute in which only the Debtor and its antagonists, Metropolitan and Palmer, are interested, and there is neither a need nor an ability to reorganize

the financial affairs of the Debtor. This controversy is already subject to pending litigation in a non-bankruptcy forum.

█ The motion under consideration seeks a dismissal under § 1112(b)(1) for "cause," the cause being alleged bad faith of the Debtor in seeking relief in this Court. In opposition to the motion, the Debtor contends that Palmer has no standing, simply because he is not a creditor. The contention of the Debtor is obviously without merit for the following reasons. Palmer was scheduled as a creditor, albeit as a disputed one. Be that as it may, it is clear that by virtue of the definition of the Bankruptcy Code, § 101(9), the term "creditor" is defined to mean:

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

In turn, the term "claim" is defined in § 101(4) to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Based on the foregoing, this Court is satisfied that Palmer is a creditor and has standing to raise the issue of bad faith.

█ As indicated earlier, the dismissal sought of this Chapter 11 case is based on § 1112(b) and seeks a dismissal for "cause." The term "cause" as used in this section is not defined and it was obviously intended to be a flexible concept. This is evident from the legislative history of this section which includes the following statement discussing the concept of "cause" as used in this section:

> The court will be able to consider other equitable powers to reach an appropriate result in individual cases. H.R.Rep. No. 595, 95 Cong., 1st Sess. 406 (1977); U.S. Code Cong. & Admin.News 1978, pp. 5787, 6362.

Considering a dismissal or conversion of a Chapter 11 case for "cause," some courts adopted the view that an individual debtor who is not engaged in business in an orthodox sense should not be permitted to seek relief under this chapter. *In re Albany Partners Limited,* 749 F.2d 670 (11th Cir. 1984); *In re Gregory,* 39 B.R. 405 (M.D. Tenn.1984); *In re William Joseph Wamsganz,* 13 B.C.D. 973, 54 B.R. 759 (E.D.Miss. 1985); *In re Gilbert Broadcasting Corp.,* 54 B.R. 2 (Bkrtcy.N.J.1984). This proposition has been flatly rejected by the Eleventh Circuit in the case of *In Re Zelda Moog,* 774 F.2d 1073 (11th Cir.1985). The Court, in *Moog,* refused to accept the holding of *Ponn Realty Trust,* 4 B.R. 226 (D.Mass.1980), relied on by the Bankruptcy Court in *Moog,* and held that a consumer debtor whose only asset is a single-family debtor-occupied dwelling may not seek relief under Chapter 11. The Court of Appeals in so doing stated that the fact that the Debtor is not engaged in business by itself cannot form a ground for a dismissal of a Chapter 11 case, and more importantly, also held that the Court may not dismiss a Chapter 11 case sua sponte for administrative as distinguished from judicial reasons. While this Court agrees, as it must, with the view expressed by the Court of Appeals, it is still satisfied that this is a factor which still may be considered by the Court when passing on the challenge of a debtor's right by a party of interest to maintain a Chapter 11 case. The Fifth Circuit in *Little Creek Development Co. v. Commonwealth Mortgage Corp.,* 779 F.2d 1068 (5th Cir.1986), Judge Jones, speaking for the Court, noted the following conditions which usually exist in a Chapter 11 case where the motion is filed to dismiss it

for bad faith filing and which is proper for consideration:

1) debtor has one asset such as a tract of undeveloped or developed real property;
2) the secured creditors' liens encumber this tract;
3) there are generally no employees except for the principals;
4) little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments;
5) few, if any, unsecured creditors whose claims are relatively small;
6) the property has usually been posted for foreclosure because of arrearages on the debt;
7) the debtor has been unsuccessful in defending actions against the foreclosure in state court;
8) the debtor and one creditor may have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
9) allegations of wrongdoing by the debtor or its principals; and
(10) the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

Based on the foregoing, while this Court is satisfied that the fact that this Debtor is not engaged in business in an orthodox sense by itself would not warrant a dismissal, the totality of the circumstances certainly justify a dismissal for "cause" if it appears from the record as it does in this instance that there is absolutely no realistic expectation that this Debtor ever could achieve rehabilitation and establish feasibility which is a condition precedent for confirmation under § 1129(a)(11). See *Furness v. Lillienfield,* 35 B.R. 1006, 1011 (D.Md.1983) and *Northwest Recreational Activities,* 4 B.R. 36, 39 (N.D.Ga.1980) Just like the debtor in *In re Dutch Flat Investment,* 6 B.R. 470 (Bkrtcy.N.D.Calif.1980),

this Debtor has no assets of any kind which is sought to be protected. Its only possible expectation for achieving or obtaining some funds is a successful prosecution of the lawsuit filed by the Debtor against Metropolitan Life and Palmer. This Court cannot see anything in *Zelda Moog, supra,* which would detract from the viability of the holding in *Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir.1985), which held that when there is no property which is to be saved, there are no debts of any significance which need readjustment and, most importantly, there is no way to establish feasibility of the plan which is to be funded solely from the possibility of a lawsuit, the Chapter 11 case was not filed in good faith and it is ripe for dismissal for "cause."

It is noteworthy that the Eleventh Circuit just recently again had the opportunity to consider the good faith of a Debtor who sought relief in the Bankruptcy Court in the case of *In Re Waldron,* 785 F.2d 936 (11th Cir.1986), decided after *Moog, supra,* in which the Court, although not in the context of dismissal of a Chapter 11 case but in the context of confirmation of a Chapter 13 case, nevertheless reinstated certain basic principles applicable generally to the good faith or loss of same of a Debtor. In considering the issue, the Court of Appeals considered § 141 of the Bankruptcy Act of 1898, a section which dealt with the same concept under the former corporate reorganization chapter, and stated:

> Basically, the general elements of good faith, undefined in the statute, mean that the petition must be filed with the honest intent and genuine desire to utilize the provisions of Chapter X for its intended purpose—to effectuate a corporate reorganization—and not merely as a device to serve some sinister and unworthy purpose of the petitioner.... The court cannot and will not tolerate such misuse of the reorganization process.

Citing also *In Re Southern Land Title Corp.,* 301 F.Supp. 379, 428 (E.D.La.1968); and *Mongiello Brothers Coal Corp. v. Houghtaling Properties, Inc.,* 309 F.2d

925, 930 (5th Cir.1962). There is nothing in the legislative history of the Bankruptcy Code which could detract from the validity of these principles. See *In Re Leal,* 7 B.R. 245, 247 (D.Colo.1980).

Thus, the Courts are not required to retain cases on their dockets which were not filed to achieve the valid and legitimate purposes designed by Congress through the enactment of the rehabilitative provisions of Chapter 11. To do so would be a total disregard of the basic overriding purpose of the system designed by Congress which was to enable a financially distressed Debtor to achieve rehabilitation.

Thus, if it is evident from the outset that there is no reasonable expectation that the financial situation of a debtor can be successfully repaired through the reorganization process, and the case is filed solely to use the bankruptcy forum to litigate a one-party dispute, "cause" is present which warrants a dismissal because such case is not filed in good faith. This is not a situation where the dismissal is on the Court's own motion, a practice condemned by *Moog, supra.* This Debtor has no salvageable economic value, owns no properties and, as noted, has no debts other than the alleged debt owed to an affiliate. One need not engage in speculation to conclude that its sole purpose in filing for relief under Chapter 11 was to litigate its dispute with Palmer and Metropolitan, and, most importantly, to prevent the loss of its management contract in which Palmer seeks to enforce a security interest in a non-bankruptcy forum. Based on the foregoing, it should be obvious that this petition was not filed in good faith. This is a motion to dismiss by a party of interest and for this reason this Court is satisfied that in spite of the holding in *Moog, supra,* this case is proper for dismissal for cause. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion to Dismiss filed by Tampa Airport Hotel Ventures and Alexander Palmer be, and the same is hereby granted and this Chapter 11 case is hereby dismissed.