**FEDERAL LAND BANK OF OMAHA, Appellant,**

v.

**Arthur Paul FISCHBACH, Marlette Ida Fischbach, d/b/a Farmers, d/b/a Fischbach Trucking, a Sole Proprietorship, Appellees.**

Civ. No. 87–1003.

United States District Court,
D. South Dakota, N.D.

March 16, 1987.

James Cremer, Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, S.D., for appellant Federal Land Bank.

Jeffrey T. Sveen, Siegel, Barnett & Schutz, Aberdeen, S.D., for appellees.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

Debtors, Arthur Paul and Marlette Ida Fischbach, filed a Chapter 11 petition on April 5, 1985 in the United States Bankruptcy Court for the District of South Dakota. Federal Land Bank of Omaha, one of the debtors' major creditors, holds a first mortgage on 708 acres of real property owned by the debtors.

As a result of repeated defaults, Federal Land Bank filed with the bankruptcy court on May 12, 1986 a motion for relief from the automatic stay provisions of 11 U.S.C. § 362. After a hearing on the motion where debtors offered no resistance, an order was entered on June 24, 1986 granting Federal Land Bank's motion.

Subsequently, Federal Land Bank proceeded in state court with a foreclosure action on its first mortgage. A judgment of foreclosure was entered on October 2, 1986 against the debtors' 708 acres. Federal Land Bank then scheduled a foreclosure sale for December 17, 1986.

Prior to the scheduled sale, debtors moved the bankruptcy court to reconsider its June 24, 1986 order lifting the automatic stay in favor of Federal Land Bank and to enjoin the foreclosure sale. The motion

was brought on for hearing December 11, 1986 wherein the bankruptcy court ordered as follows:

> The Court does not rule on debtors' motion to reconsider. Instead, the Court, sua sponte, pursuant to 11 U.S.C. § 105 and 11 U.S.C. § 1112(b) hereby dismisses debtors' Chapter 11 filing to permit debtors to refile a Chapter 12 to obtain the benefit of a new automatic stay pursuant to 11 U.S.C. § 362.

It is from this order, which was formally entered December 29, 1986, that Federal Land Bank appeals. Appellants contend that the bankruptcy court erred when it used its *sua sponte* power to dismiss the debtors' Chapter 11 filing.

### DISCUSSION

Both parties extensively briefed the question of whether a bankruptcy court can dismiss or convert a Chapter 11 petition which was pending prior to the effective date of the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L.No. 99–554, which Act adopted the new Chapter 12 provisions. There appears to be a considerable split of authority over this issue with the majority of opinions holding that a Chapter 11 petition existing prior to the effective date of the Family Farmer Act cannot be converted to Chapter 12 petitions.

In this appeal, however, this court need not add its opinion to the growing split of case law. The determinative issue in this appeal is whether the bankruptcy court has the authority to dismiss a Chapter 11 filing, *sua sponte*, pursuant to 11 U.S.C. §§ 105 and 1112(b). These sections of the Code allow a bankruptcy court to dismiss a Chapter 11 petition, but not *sua sponte*.

Section 1112(b) provides in part that: ... on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter, which-

ever is in the best interest of creditors and the estate, for cause....

11 U.S.C. § 1112(b) (1986).

■ Pursuant to § 1112(b), dismissal or conversion of a case can occur only "on request of a party in interest." A bankruptcy court, absent evidence of a lack of good faith, is without power to dismiss a Chapter 11 petition *sua sponte*. *In Re Moog*, 774 F.2d 1073, 1075–77 (11th Cir. 1985); *Matter of Welwood Corp.*, 60 B.R. 319, 323 (Bankr.M.D.Fla.1986); *See In Re Gusam Restaurant Corp.*, 737 F.2d 274, 276–77 (2d Cir.1984); *Little Creek Development Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068, 1071 (5th Cir.1986); 5 Collier on Bankruptcy ¶ 1112.03, at 1112–30 (15th ed. 1986).

"The legislative history" of § 1112(b) "reveals that one purpose of the new Code was to allow bankruptcy judges more time to focus on their judicial functions by relieving them of some of their administrative burdens. * * * The two versions of § 1112(b) before Congress reflect this concern." *In Re Moog*, 774 F.2d at 1076. "While the Senate version of section 1112(b) expressly conferred upon the bankruptcy court the power to dismiss or convert a Chapter 11 case 'on its own motion,' Congress adopted the House version of this subsection, which only permitted a case to be dismissed or converted 'on request of a party in interest.'" 5 Collier on Bankruptcy ¶ 1112.03, at 1112–30.

Factually, neither the record nor the bankruptcy court's December 29, 1986 order indicate any evidence of a lack of good faith on the part of the debtor. Absent such evidence, it is improper for a bankruptcy court to dismiss a Chapter 11 petition, *sua sponte*, pursuant to 11 U.S.C. § 1112(b). *In Re Moog* at 1076; *Matter of Welwood Corp.*, 60 B.R. at 323; *See Little Creek Development Co. v. Commonwealth Mortgage Corp.*, 779 F.2d at 1071.

11 U.S.C. § 105 does not empower the bankruptcy court to dismiss Chapter 11 petitions *sua sponte*. It provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Although § 105 allows a bankruptcy court to implement orders, *sua sponte,* it does not create authority to enter orders, *sua sponte,* where the Code has specifically provided to the contrary elsewhere. *In Re Gusam Restaurant Corp.,* 737 F.2d at 277 n. 3. With respect to dismissing Chapter 11 cases, the Code provides in § 1112(b) that dismissal is proper only "on request of a party in interest." *Sua sponte* dismissal is improper and § 105 cannot be used to the contrary.

"[T]he power to convert *sua sponte* cannot be presumed to exist or to emanate from Section 105 of the Code. One can fairly debate the issue of whether Congress should have given the court the power to dismiss cases *sua sponte.* But, the fact remains that Congress did not give the court such power." 5 Collier on Bankruptcy, ¶ 1112.03, at 1112–31.

Accordingly, the bankruptcy court's December 29, 1986 order dismissing debtors' Chapter 11 filing, *sua sponte,* pursuant to 11 U.S.C. §§ 105 and 1112(b) is reversed.