In re Noel Dean CLARK, Jr. and Patricia Ann Clark d/b/a Nite Moves, and Northtown Square, Ltd., Debtors.

Bankruptcy Nos. 87–01031–BKC–TCB, 87–01251–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

June 15, 1987.

Leonard L. Liszewski, Ft. Myers, Fla., for debtors Clark.

Michael Fineman, Lauderhill, Fla., for debtor Northtown Square, Ltd.

## ORDER DENYING RECONSIDERATION

THOMAS C. BRITTON, Chief Judge.

These two unrelated cases heard June 9 present the same issues and are, therefore, treated together in this order. Each case was dismissed sua sponte under 11 U.S.C. § 105(a) because in each case the debtors had failed to file the bankruptcy schedules required by B.R. 1007(b) or the list containing the names and addresses of all creditors required by B.R. 1007(a)(1).

The schedules must be filed with the petition unless a complete list of creditors is filed with the petition, in which case the schedules are due within 15 days. B.R. 1007(c). In *Clark* the schedules were filed April 30, 34 days after the petition. In *Northtown* the schedules were filed May 11, 26 days after the petition.

In chapter 11 reorganization cases (both cases were filed under chapter 11), the debtor is also required to file with its petition a list of the 20 largest unsecured creditors. *Clark* did so and now advises that there were no other unsecured creditors. That fact was not apparent when the petition was filed or when the case was dismissed 23 days later, unless one compared the names of the schedules filed April 30 with the list of the 20 largest creditors. This was not done and in fact could not be done, because the debtors filed their overdue schedules in West Palm Beach and they did not reach the Miami offices of the clerk and court until after dismissal. It is unlikely that the lists would have been compared in any event.

It is not possible for the clerk to schedule the creditors' meeting required by § 341 and B.R. 2003 or even to notify creditors that the bankruptcy petition has been filed until a complete list of creditors is filed. The filing of a petition automatically enjoins and, therefore, nullifies any creditor action against any debtor or its property. Therefore, whether intended or not, the delayed filing of a list of creditors prejudices all creditors who do not even know they are being prejudiced unless they learn of the bankruptcy in some other way. It is for this reason that this court, and I believe most bankruptcy courts, enter sua sponte orders of dismissal where debtors have not complied with the filing requirements of B.R. 1007.

In *Clark* the debtors have moved for revocation of the order of dismissal (C.P. No. 16) and for new trial (C.P. No. 17a). In *Northtown* the debtor moved that the order of dismissal be altered or amended. The motions were heard at length upon notice to all creditors on June 9. In *Northtown* a secured creditor from Jacksonville filed a response opposing the debtors' motions and charging bad faith on the part of the debtors and contradicting the excuse offered by the debtors' attorney for his failure to comply with the rules. In *Clark* two attorneys appeared on behalf of various creditors to oppose the motions.

The motions are denied and the orders of dismissal are reaffirmed.

In each case the debtors rely upon *In re Moog*, 774 F.2d 1073 (11th Cir.1985) in which the court reversed and remanded the decision of the bankruptcy court, which had been affirmed by the district court. The bankruptcy court had:

"dismissed the debtor's petition as an abuse of Chapter 11 since Ms. Moog had 'no business, no employees, and no known shareholders.'" (At p. 1074)

The court followed *In re Gusam Restaurant Corp.*, 737 F.2d 274 (2nd Cir.1984) in which the court had held that the provisions of § 1112(b) which requires that a party in interest request conversion or dismissal of a chapter 11 petition precludes a sua sponte dismissal on account of the debtor's failure to file a plan "as soon as

practicable" as is required by § 1106(a)(5) and § 1107(a).

Section 105(a) was amended by Pub.L. No. 99–554, § 203 to add the following sentence:

"No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

This amendment is not yet effective. It becomes effective not later than August 24, 1987. *Id.* § 302. I do not rely upon the amendment which will when effective make the following discussion unnecessary.

I am, of course, bound by *In re Moog.* I do not believe, however, that the holding precludes sua sponte dismissal of these two cases because neither *Moog* nor *Gusam* involved a chapter 11 debtor who refused or failed to file a list of its creditors, without which creditors cannot even learn that bankruptcy has been filed and, therefore, cannot realistically be expected to request dismissal or conversion to chapter 7 as is permitted by § 1112.

The 1978 Act, in which § 1112 made its initial appearance, contemplated a U.S. Trustee in each district with immediate awareness of every filing and standing to move for dismissal. The administrative responsibility to dispose of petitions improperly filed was quite logically lifted from the bankruptcy court by § 1112 in contemplation of its assumption by the U.S. Trustee. However, this district does not yet have a U.S. Trustee. I cannot believe that Congress intended that nothing be done by the court to protect creditors from a chapter 11 filing unaccompanied by a list of the affected creditors. This administrative responsibility remains, at least where there is no U.S. Trustee, with the bankruptcy court who is authorized and required under § 105 to take action to prevent abuse of the Act.

It is clear to me that *Moog* recognizes the bankruptcy court's authority and duty to dismiss sua sponte under any circumstances indicating the lack of good faith on the debtor's part. The court said:

"We hold that absent any evidence of a lack of good faith on the part of the petitioner, the bankruptcy court erred in dismissing the chapter 11 petition sua sponte before the debtor had an opportunity to file a reorganization plan.... However, we hold that based upon the record before us, there is no evidence of bad faith on the part of the petitioner and absent a motion by a party in interest, the court was without power to dismiss the case sua sponte." (At p. 1077).

I believe that the failure to file a list of creditors evidences a lack of good faith and that the actions of the debtor's counsel must be imputed to the debtors. But in any event, the *Moog* court clearly recognizes that a sua sponte dismissal under § 105 is authorized under some circumstances, notwithstanding the provisions of § 1112. I am convinced that those circumstances include these cases.

Movants also argue that they and the creditors were entitled to a hearing. I agree and it is for this reason that a full hearing upon notice to the creditors as well as the debtors was held June 9. The fact that the hearing was provided after the court's action is specifically permitted by § 102(1)(B)(ii).

In addition to their contention that the court was powerless to act, the movants have also argued that the court should now exercise its discretion to retroactively extend the time for each of the debtors to comply with B.R. 1007. The court is permitted under B.R. 9006(b)(1):

"on motion made after the expiration of the specified period permit the act to be done where the failure to act *was the result of excusable neglect.*" (Emphasis supplied.)

In *Clark* no excuse is offered other than counsel's neglect. In *Northtown* the excuse is that counsel's secretary failed to calendar the matter for counsel's attention 15 days after the filing of the petition. This does not explain the failure to file the list of creditors required with the petition. The Response filed by a creditor disputes counsel's assertion that he overlooked the deadline for the filing of schedules. (C.P.

No. 12). The allegations of the Response have not been challenged by counsel for *Northtown.* I do not believe the excuse the failure to file should be blamed on the secretary.

In any event, even if the excuse of *Northtown's* counsel is believed, neither movant has shown "excusable neglect". As was said in *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985):

"Courts have interpreted 'excusable neglect' under Rule 9006(b) and its identically worded predecessor, Rule 906(b), as requiring the movant to show that 'the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform."

Both movants have argued, finally, that no creditor was prejudiced by movants' delayed compliance with B.R. 1007. I disagree for the reasons already explained. However, as was emphasized in *South Atlantic Financial Corp.:*

"It is clear from this language that the focus of these rules is on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the other parties' positions." (At p. 819).