**In re Noel Dean CLARK, Jr., and Patricia Ann Clark, d/b/a Nite Moves, Debtors/Appellants.**

**Nos. 87–12108–CIV, 87–01031–BKC.**

United States District Court,
S.D. Florida.

March 24, 1988.

Brad Culverhouse, Fort Pierce, Fla., for debtors/appellants.

## ORDER VACATING ORDER OF BANKRUPTCY COURT

SPELLMAN, District Judge.

This is an appeal by the Debtors/Appellants (hereinafter referred to as "the

Clarks") in this Bankruptcy case from an Order of Bankruptcy Judge Thomas C. Britton dismissing the Clarks' Chapter 11 case with prejudice for one year for having failed to file required creditor schedules with the Bankruptcy court within 15 days of filing their petition as required by Bankruptcy Rule 1007(c). The schedules, which ought to have been filed by April 13, 1987, were filed at the West Palm Beach Division of the Southern District of Florida on April 30, 1987. On May 7, 1987, seven days after all schedules had been filed, the Bankruptcy Court, solely upon its own motion, issued a form order dismissing the Chapter 11 petition with prejudice for failure to file schedules. Because the schedules had been filed in West Palm Beach, Judge Britton was without knowledge as to their filing at the time he issued the Order of Dismissal. Subsequently, upon the Clarks' Motion to Revoke the court's Order of Dismissal, the Bankruptcy court issued an Order Denying Reconsideration. 76 B.R. 218.

In this order, Judge Britton noted that the dismissal had been effected pursuant to section 1112(b), rather than pursuant to section 105(a) as the amendment to section 105 was not effective at the time. Prior to the effective date of the amendment of section 105, a bankruptcy judge was not empowered to sua sponte dismiss a bankruptcy case as the dismissal provisions in the code permitted dismissal only upon the motion of a party in interest. *See In re Moog*, 774 F.2d 1073 (11th Cir.1985) (construing section 1112(b)).

■ Judge Britton reasoned that *Moog* did not bar a bankruptcy judge from sua sponte dismissing a petition when the debtor had failed to timely file his creditor schedules inasmuch as the clerk of the court would not be able to put the creditors on notice as to the pendancy of a bankruptcy petition. Therefore, no party in interest who might choose to move for dismissal would be in a practical position to do so. Although this argument appears attractive at first glance, Judge Britton's rationale was simply inapplicable to the case at bar. All of the creditors had been notified of the petition early on. The creditors had already attended a section 341 meeting prior to Judge Britton's dismissal of the case. Any creditor who would have desired to move for dismissal was on notice early enough to do so. The fact that no creditor did so suggests to this Court that they were not prejudiced by the delay in the filing of the schedules and that the delay was not in fact "unreasonable."

Under the authority of *Moog*, the bankruptcy court could not sua sponte dismiss the petition unless it made a finding of bad faith. *Id.* at 1077. Essentially, the Bankruptcy court relied solely on the lateness of the schedules in concluding that such bad faith was present here. This finding was clearly erroneous. The Clarks' schedules were only filed 17 days late. Moreover, the section 341 meeting proceeded in a timely manner, without prejudice to any creditor. Noncompliance of a technical or insubstantial nature, particularly where the noncompliance was not prejudicial to other parties in interest, is not enough to justify a finding of bad faith.

■ Moreover, the relevant provision of section 1112(b) that would allow for dismissal upon the motion of a proper party applies where the Debtor has "unreasonably delayed" to the prejudice of the creditors. This Court finds that seventeen days was not an unreasonable delay. Moreover, as the creditors were all put on notice as to the pendancy of the petition, were able to attend the creditors' meeting, and managed to move for relief from the stay, none were prejudiced by the Clarks' delay in filing the schedules. Although there appears no justification for the delay in filing, the bankruptcy court abused its discretion by imposing the harshest of penalties for the Clarks' transgression.* A careful review of the authorities submitted by the Creditor/Appellee, First Bank of Clewiston, in its answer brief does not convince this Court that under these facts such a sanction was appropriate. Accordingly, it is hereby

* *See United States v. Pezeshkan,* 842 F.2d 337    (11th Cir.1988).

378

ORDERED AND ADJUDGED that the Bankruptcy Court's Order of Dismissal is VACATED and that the chapter 11 petition shall be, and hereby is, REINSTATED.

DONE AND ORDERED.