**In re Wayne J. KLEIN, Debtor.**

**Nos. 88 C 10552, 86 B 19937.**

United States District Court,
N.D. Illinois, E.D.

May 30, 1989.

---

debtor Wayne Klein ("Klein") is not proceeding in good faith—either objective or subjective. For the reasons stated in this memorandum opinion and order, USF & G's appeal is granted and the Order is reversed.

### Facts

Klein is currently unemployed, although he had in the past operated Klein Construction Company ("KCC") and Klein Corporation ("K Corp."). KCC is currently the debtor in its own Chapter 7 proceeding and is no longer operating. K Corp. is no longer operating as a viable business and owns no tangible assets.

Klein owns 100% of the stock of Klein Industries, which is in turn the sole stockholder of both KCC and K Corp. Klein lists the value of the Klein Industries stock as $3.5 million, but nothing but blue sky supports that (or any other) valuation. Klein also owns a computer valued at $20,000 (but that property is subject to a security interest) and a claim he values at $32,000, as well as several minor assets.

Klein's only other listed assets comprise potential recoveries from litigation. Those claims either are unvalued or are in the name of KCC as plaintiff (and as such are not Klein's individual assets) or both. Finally, Klein's appointed trustee Ilene Goldstein ("Trustee") is also involved in litigation attempts to recover certain property transferred by Klein before his bankruptcy filing.

Lawrence R. Moelmann, Paula F. McKay, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for U.S. Fidelity and Guar. Co.

Ilene F. Goldstein, Andrea M. Hauser, Chadwell & Kayser, Ltd., Chicago, Ill., for trustee.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On October 12, 1988 Bankruptcy Judge Erwin Katz entered an order (the "Order") denying the motion of United States Fidelity and Guaranty Company ("USF & G") to convert *In re Wayne J. Klein,* 86 B 19937 from a proceeding under Chapter 11 of the Bankruptcy Reform Act of 1978 ("Code"), 11 U.S.C. §§ 1101–1174,[1] to a proceeding under Code Chapter 7, Sections 701–766. USF & G now appeals on two grounds (actually two sides of one coin), asserting

### Procedural History

On December 19, 1986 USF & G and two other Klein creditors filed an involuntary Chapter 7 bankruptcy proceeding against Klein. Klein then successfully moved to convert to a Chapter 11 proceeding. At the same time Bankruptcy Judge Susan De-Witt held Klein's conduct mandated the appointment of a trustee under Chapter 11, because his "actions and dealings revealed several instances of fraud, dishon-

---

**1.** Further citations to individual Code sections will follow the internal numbering of Title 11 and take the form "Section—."

esty, incompetence or gross mismanagement."

That appointment was appealed to this Court and affirmed October 22, 1987 (in the "Opinion"). 79 B.R. 769. Opinion at 775 n. 11 noted that although this Court did not there discuss the *propriety* of the conversion:

> USF & G will have ample opportunity to argue before the bankruptcy court for dismissal of the Chapter 11 proceeding on any and all grounds—for example:
>
> 1. the absence of any viable business to reorganize (either on the part of Klein himself, the only debtor properly to be considered in the current proceeding, or Klein Corporation or Klein Construction); in that respect, see this Court's opinion in *In re Mandalay Shores Cooperative Housing Ass'n, Inc.*, 63 B.R. 842, 847–49 (N.D. Ill.1986); and
>
> 2. the very facts of Klein's prior misconduct.

USF & G later moved to reconvert the petition to Chapter 7 pursuant to Section 1112(b), on the same grounds presented in the current appeal. After hearing arguments of counsel, Judge Katz denied the motion, stating at the hearing: [2]

> 1. Klein or the trustee qualified as a business debtor (Tr. 39).
>
> 2. Klein was not proceeding in subjective good faith (*id.*).
>
> 3. No evidence had been adduced on the issue of objective good faith (Tr. 38).

### Standards of Review

Dual standards of review apply to any bankruptcy appeal such as this one. To the extent the Bankruptcy Judge has made findings of fact, they may not be set aside unless clearly erroneous (Rules of Bankruptcy Procedure ("B. Rule") 8013). Questions of law, however, are subject to de novo review (*In re Evanston Motor Co.*, 735 F.2d 1029, 1031 (7th Cir.1984)).

### Application of the Standards

Section 1112(b) provides:

> Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under [Chapter 11] to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
>
> (2) inability to effectuate a plan;
>
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
>
> (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
>
> (7) inability to effectuate substantial consummation of a confirmed plan;
>
> (8) material default by the debtor with respect to a confirmed plan;
>
> (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
>
> (10) nonpayment of any fees or charges required under chapter 123 of title 28.

Although "lack of good faith" is not one of the enumerated grounds for dismissal or conversion, this Court has previously noted (*In re Mandalay Shores Cooperative Housing Association, Inc.*, 63 B.R. 842, 847 (N.D.Ill.1986)) that the statutory list following the word "including":

> is in terms nonexhaustive, and courts have continued to hold good faith is an implicit prerequisite to any Chapter 11 filing.

*Mandalay Shores, id.* goes on to identify the twofold way in which "good faith" may

---

**2.** References to that hearing transcript will take the form "Tr.—."

be approached—from an objective or subjective point of view. After examination this Court found the debtor in that case did not survive objective scrutiny (*id.* at 849) and did not go on to consider applicability of the subjective standard.

Klein's situation is no better. There is more than ample evidence of his subjective bad faith, found by each judge who has scrutinized the facts (Judge DeWitt originally, this Court in the Opinion and now Judge Katz). But there is also more than ample evidence of Klein's objective bad faith so as to require the conclusion that he fails that test.

*Mandalay Shores, id.* at 848 describes the analytic process involved:

> [A]n "objective good faith" inquiry under Chapter 11 really amounts to analysis of the merits of the debtor's claim of entitlement to reorganization.

*In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir.1985) (citations omitted) sets the entitlement standard:

> The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state....If there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'etre....

Other circuits have followed the same "ongoing business" requirement for Chapter 11 (*In re Little Creek Development Co.,* 779 F.2d 1068, 1072–73 (5th Cir.1986); *Wamsganz·v. Boatmen's Bank of DeSoto,* 804 F.2d 503, 504 (8th Cir.1986)).

Trustee takes the position that Chapter 11 is available to non-business debtors; relying principally on *In re Moog,* 774 F.2d 1073, 1074 (11th Cir.1985), which found support in the Code's legislative history that Chapter 11 was available to consumer debtors. But *Moog* never went as far as Trustee would have it: It merely said there *may* be unique circumstances in which Chapter 11 is appropriate for a consumer

debtor. It found such unique circumstances in the facts that the debtor had no source of income (so that Chapter 13 was unavailable) and her sole asset was the family home, which would be lost in a Chapter 7 proceeding.

No other case sharing the *Moog* reading of the statute (such as *In re Warner,* 30 B.R. 528, 529 (9th Cir. BAP 1983)) goes any further. Indeed, most recognize that an ongoing business is at least a factor in a Section 1112(b) conversion motion (see, e.g., *In re Bock,* 58 B.R. 374, 378 (Bankr.M.D. Fla.1986)).

■ Klein is not a business debtor. He is unemployed, and his previous companies (holding company Klein Industries and its subsidiaries, KCC and K Corp.) are either in Chapter 7 proceedings or nonexistent. His only potential assets are real estate investments and partnership interests that *may* be recovered in pending litigation. But mere ownership of assets and investments (let alone inchoate ones) does not constitute an ongoing business. There must be evidence of means to sustain a plan of reorganization—things such as income, employees or a viable business. Klein shows none of these.

■ Even were this Court to adopt the *Moog* approach that there are unique circumstances under which Chapter 11 is appropriate for a non-business debtor, no such circumstances are present here. Klein has provided no evidence of anything to "reorganize" or of any inclination to take such a path. Everything that could properly be done in terms of realizing on Klein's assets (such as they are) may be done with full protection of everyone's interests in the Chapter 7 proceeding. From any perspective, conversion of this case to Chapter 7 is appropriate.

Judge Katz erred in concluding that Klein can qualify as a business debtor (though to be sure Trustee is an independent entity, she loses sight of the fact that bankruptcy administration in Chapter 11 looks to what can be done for the debtor—

here Klein the individual—while keeping the legitimate interests of the creditors in mind[3]). There is no evidence whatever that Klein himself—as distinct from the now moribund Klein-owned corporations—was engaged in *any* sort of activity that could be the basis of a plan of reorganization.

It also appears Judge Katz improperly required USF & G to prove conversion was in the best interest of the creditors on its Section 1112(b) motion (Tr. 39). That statute clearly requires a movant such as USF & G to show *cause* for conversion or dismissal—and that has surely been done here. Once that burden is met, the court is given a discretionary choice between conversion to Chapter 7 and dismissal—remaining in Chapter 11 is not an option. In this instance Chapter 7 is unquestionably the proper route.[4]

### Conclusion

Judge Katz' Order denying the Section 1112(b) motion to convert is reversed. This action is remanded to the Bankruptcy Court with instructions to convert this case to a Chapter 7 proceeding and carry out its administration expeditiously.

---

3. Because the debtor and not the trustee is the real party in interest (the trustee is there to look out for the interests of *both* the debtor and the creditors), it would certainly seem the presence of such subjective bad faith as Klein has shown—real mala fides—also ought to disqualify him for whatever benefits an opportunity to "reorganize" might offer. As for the creditors, where the only available assets are obtainable by attempted enforcement of claims, that is really a process of liquidating those claims—a process for which Chapter 7 is a perfectly appropriate vehicle. This then is really an independent basis for reaching the identical conclusion.

4. To consider dismissal would be to penalize Klein's creditors in favor of a debtor who has demonstrated bad faith in every sense of that term. No court should lend itself to such a result.