19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Kathryn M.P. WILLEY, Debtor-Appellant.
 No. 92-15151.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathryn M.P. Willey appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's ruling on remand that Willey's bankruptcy case should not be reopened. We have jurisdiction pursuant 11 U.S.C. Sec. 158(d). We affirm.
 
 
 3
 On April 6, 1990, this court remanded this case to the district court for consideration of whether Willey's Chapter 11 petition was grounded in economic reality. In re Willey, No. 87-15166, unpublished memorandum disposition (9th Cir. Apr. 6, 1990) ("Willey I ").[1] The district court in turn remanded to the bankruptcy court for further proceedings.
 
 
 4
 On September 12, 1990, the bankruptcy court ordered Willey to appear before the court no later than November 5, 1990 and demonstrate that her Chapter 11 petition should proceed "for an economically realistic purpose." The court directed Willey to file updated schedules disclosing her then-current assets and liabilities and a statement of her intentions with regard to filing a Chapter 11 plan. On November 5, 1990, Willey filed a document in which she claimed that she could not comply with the bankruptcy court's order to file additional documents because the court had closed the case on February 15, 1989. Willey stated that the court had refused to authorize the clerk of the court to certify that her bankruptcy case had not been dismissed, and requested that the court reopen her case to allow her to comply with "a legal and valid order" of the court.
 
 
 5
 On November 26, 1990, the bankruptcy court entered an order finding that Willey's failure to comply with the court's September 12, 1990 order was without just cause or excuse. The court further found that Willey had failed to prosecute her case in good faith and, consequently, that her petition was not grounded in economic reality. The court concluded that Willey's case should remain closed. On December 11, 1991, the BAP affirmed the bankruptcy court's decision.
 
 
 6
 On appeal, Willey raises several contentions, all of which lack merit. First, the fact that this court may not have had the bankruptcy court record physically before it at the time Willey I was decided does not render Willey I void. In this circuit, the clerk's record is not sent "in all civil cases where excerpts of record are to be filed with the Court of Appeals pursuant to Circuit Rule 30-1." 9th Cir.R. 11-4.1. In such cases, the record is sent only at the request of the court in the event the court requires the record. 9th Cir.R. 11-4.4.[2]
 
 
 7
 This court's docket in Willey I shows that Willey filed excerpts of record pursuant to Circuit Rule 30-1. The excerpts apparently were sufficient to allow the court to decide Willey I because the court did not request the bankruptcy court record.[3] We therefore conclude that this court's decision in Willey I is not void. We also conclude, contrary to Willey's contentions, that the appeal in Willey I does not remain pending and that the BAP had jurisdiction to enter its December 11, 1991 decision.
 
 
 8
 Second, even assuming arguendo that the bankruptcy court should have reopened Willey's case before ordering her to file additional documents and amended schedules, such error would not warrant reversal. The bankruptcy court ordered Willey to file the additional information so that the court could determine whether Willey's bankruptcy petition was grounded in economic reality. Contrary to Willey's contention on appeal, the order was consistent with this court's decision in Willey I. If Willey had shown a proper economic basis for her petition, the bankruptcy court would have had cause to reopen her case. See 11 U.S.C. Sec. 350(b). Willey chose, however, in the BAP's words, to elevate "form over substance," and did not respond to the court's order. We therefore agree with the BAP that, under these circumstances, the bankruptcy court's failure to reopen Willey's case was harmless error. See Fed.R.Civ.P. 61; Bankr.R. 9005.
 
 
 9
 Third, Willey is mistaken in characterizing the bankruptcy court's November 26, 1990 order and the BAP's December 11, 1991 affirmance as a "continuation" of the bankruptcy court's improper sua sponte dismissal in 1987. In Willey I, we remanded to allow the bankruptcy court to determine whether dismissal of Willey's petition was proper as an exercise of the court's power to control its docket. See 11 U.S.C. Sec. 105(a). As we explained above, this required a determination of whether Willey's petition lacked a basis in economic reality. See supra p. 2 n. 1; In re Moog, 774 F.2d 1073, 1076 (11th Cir.1985) (per curiam); In re Powers, 135 B.R. 980, 990 (Bankr.C.D.Cal.1991). In its November 26, 1990 order, the bankruptcy court specifically found that Willey's petition was not grounded in economic reality. Thus, although it is true that Willey's case remained dismissed, the basis of the dismissal has changed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court had affirmed the bankruptcy court's sua sponte dismissal with prejudice of Willey's Chapter 11 bankruptcy petition pursuant to 11 U.S.C. Sec. 1112(b). This court reversed on the ground the bankruptcy court did not have the statutory power to dismiss a bankruptcy action sua sponte under the Code provisions in effect at the time. We recognized, however, that the bankruptcy court had the equitable power to control its docket and that this power included the discretion to dismiss bankruptcy petitions that were filed for frivolous purposes absent any economic reality. We remanded to allow the bankruptcy court to determine whether dismissal was proper as an exercise of its equitable power
 
 
 [2]
 Although Fed.R.App.P. 11 generally provides that the clerk's record should be transmitted to the court of appeals in all cases, Rule 47 of the Appellate Rules authorizes the courts of appeals to make their own rules of practice so long as those rules are not inconsistent with the Federal Rules. See Fed.R.App.P. 47
 
 
 [3]
 A review of this court's disposition in Willey I supports this conclusion. In Willey I, there were two issues: (1) whether the bankruptcy court had the statutory power to dismiss sua sponte Willey's bankruptcy petition; and (2) whether the district court judge who presided over Willey's appeal from bankruptcy court should have been disqualified. Because Willey prevailed on the first issue, the physical absence of the bankruptcy court record did not harm her on that issue. Moreover, the second issue involved only the actions of the district court judge. Willey has not explained, nor can we discern, how the bankruptcy court record would have helped this court rule on that issue