**In re A–1 SPECIALTY GASOLINES, INC., Debtor.**

**Bankruptcy No. 99–33642–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Sept. 15, 1999.

---

James S. Telepman, North Palm Beach, FL, for debtor.

Robert N. Gilbert, West Palm Beach, for Enterprise Mortgage Acceptance Company.

Scott L. Beana, Miami, Fl, for South-Trust Bank, N.A.

## ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court *sua sponte.* This Chapter 11 case was filed on June 23, 1999. On September 1, 1999, this Court held hearings on Motions for Relief From Automatic Stay filed by Debtor's two primary creditors, Enterprise Mortgage Acceptance Company, LLC ("EMAC") and SouthTrust Bank, N.A. ("SouthTrust"). These two creditors maintain security interests which, collectively, encumber virtually all of the Debtor's assets. At the September 1 hearing, Debtor did not object to either creditor's motion for relief from stay, and the Court granted both motions. The lifting of the stay will likely lead to severe diminution of the estate and an absence of reasonable likelihood of rehabilitation. Accordingly, the Court orders this Chapter 11 case converted to Chapter 7.

Debtor is a wholesale distributor of gasoline, and owner and operator of gasoline stations in Palm Beach County and St. Lucie County, Florida. On the petition date, Debtor held total assets of $30,000 and owed total debts of $4,164,087. EMAC was owed in excess of $2.1 million, based on three loan agreements dated January 23, 1998, and one loan agreement dated March 20, 1998. These loans were secured by perfected security interests in certain accounts, inventory, contract rights, general intangibles, and other personal property utilized in the Debtor's operation of four gasoline stations. South-Trust was owed in excess of $834,000, based on a loan agreement dated February 24, 1998, and a revolving loan agreement dated February 11, 1998, which was renewed on February 11, 1999. The February 24, 1999 loan was secured by a perfected security interest in virtually all of the Debtor's inventory, equipment, accounts, instruments, documents, chattel paper and other rights to payment and the proceeds thereof. The February 11, 1998 revolving

loan was secured by a perfected security interest in all of the above described collateral, except for certain equipment. In addition, both of the referenced loan agreements were guaranteed by Stanley Coven, president of the Debtor. On August 11, 1999, this Court entered an order prohibiting Debtor's use of EMAC's cash collateral. On August 12, 1999, this Court entered a similar order with respect to SouthTrust's cash collateral. These actions were followed by the Court's granting of both EMAC's and SouthTrust's motions for relief from the automatic stay.

 Debtor's liabilities greatly exceed its assets. Since the stay has been lifted as to EMAC and SouthTrust, they can foreclose on virtually all of Debtor's assets, thereby causing severe diminution of the estate. Furthermore, it is uncontested that Debtor is no longer operating its business. For these reasons, there appears to be no reasonable likelihood of a successful reorganization. Under 11 U.S.C. § 1112(b), the Court may, on request of an interested party or the U.S. Trustee, dismiss a Chapter 11 case or convert it to a case under Chapter 7 for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." Although Section 1112(b) does not specifically authorize a court to convert a case *sua sponte*, that authority is found in 11 U.S.C. 105(a), which provides that

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Congress added this language to Section 105(a) in a 1986 amendment. *The Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986*, Pub.L. No. 99–554 (1986). Prior to the amendment, The Eleventh Circuit Court of Appeals held in *In re Moog*, 774

F.2d 1073 (11th Cir.1985), that a bankruptcy court lacked the authority *sua sponte* to dismiss a Chapter 11 case, except for a case "'with demonstrably frivolous purposes absent any economic reality.'" *Id.* at 1076 (*quoting Furness v. Lilienfield*, 35 B.R. 1006, 1011 (D.Md.1983) (*quoting In re Northwest Recreational Activities*, 4 B.R. 36, 39 Bkrtcy.N.D.Ga.1980)). The *Moog* Court based its decision on a plain reading of Section 1112(b) and on legislative history which indicated that Congress intended to restrict bankruptcy courts from acting *sua sponte* under that statute. *Id.*

In *Argus Group 1700, Inc. v. Steinman*, 206 B.R. 757 (E.D.Pa.1997), the debtors appealed a bankruptcy court's *sua sponte* dismissal of their Chapter 11 cases. The debtors relied on *Moog* in support of their contention that Section 1112(b) does not authorize bankruptcy courts to act *sua sponte*. *Id.* at 763. The U.S. District Court for the Eastern District of Pennsylvania followed other courts which have held that although Section 1112(b) does not expressly authorize *sua sponte* dismissal, the 1986 amendment to Section 105(a) enables a bankruptcy court to act *sua sponte* under Section 1112(b) "for cause." *Id.* (*citing In re Finney*, 992 F.2d 43, 45 (4th Cir.1993) ("A bankruptcy court may act under § 1112(b) on the motion of a party in interest or *sua sponte* as 'necessary and appropriate' under § 105(a)."); *In re 183 Lorraine Street Associates*, 198 B.R. 16, 32 (E.D.N.Y.1996); *Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corp.*, 139 B.R. 828, 831 (W.D.Ky.1992); *In re Daily Corp.*, 72 B.R. 489, 492 (Bankr. E.D.Pa.1987)). The court rejected the debtors' reliance on *Moog*, noting that it was decided before the 1986 amendment to Section 105(a) and was thus inapposite.

Because *Moog* was superseded by the 1986 amendment to Section 105(a), this Court is not bound by the Eleventh Circuit precedent. In an opinion by former Chief Judge Thomas C. Britton, this Court previously held that the 1986 amendment to Section 105(a) permitted *sua sponte* dis-

missal. *In re Townco Realty, Inc.*, 81 B.R. 707, 710 (Bankr.S.D.Fla.1987). The instant order is in conformity with that decision.

Accordingly it is

ORDERED that the Debtor's Chapter 11 case is converted to a case under Chapter 7.