WOLLMAN, Circuit Judge.
 

 William and Wanda Wamsganz appeal the district court’s order affirming the bankruptcy court’s dismissal of their petition for relief under chapter 11 of the Bankruptcy Code. The sole issue in this appeal is whether persons who are not engaged in business may seek relief under chapter 11 of the Bankruptcy Code.
 
 See
 
 11 U.S.C. §§ 101(33), 109(d) (1982 & Supp.III 1985).
 

 Mr. and Mrs. Wamsganz first sought the assistance of the bankruptcy laws in 1984 when they filed a petition for relief under chapter 13 of the Bankruptcy Code. That petition was denied, as was a second chapter 13 petition in 1985. One month after the chapter 13 proceedings were dismissed, and the day before a scheduled foreclosure of their non-residential real estate, Mr. and Mrs.. Wamsganz filed a petition for relief under chapter 11. Boatmen’s Bank of De Soto, the lienholder of residential property owned by the couple, moved to dismiss the chapter 11 petition. The bankruptcy court dismissed the case, holding that “[t]o qualify for relief under Chapter 11, a person must be a business enterprise or operate a business.”
 
 In re Wamsganz,
 
 54 B.R. 759, 763 (Bankr.E.D.Mo.1985). The district court
 
 [1]
 
 affirmed the decision of the bankruptcy court.
 
 [2]
 

 In re Wamsganz,
 
 No. 85-2766 (E.D.Mo. April 4, 1986).
 

 Mr. and Mrs. Wamsganz have never contended that they own or operate a business enterprise. They receive their income from Social Security, pensions, and the rental of property owned by them. They argue, however, that chapter 11 relief is not limited to debtors who are engaged in business. Two circuit courts have held contrary to the Wamsganz’ position,
 
 see In re Little Creek Development Co.,
 
 779 F.2d 1068, 1073 (5th Cir.1986);
 
 In re Winshall Settlor’s Trust,
 
 758 F.2d 1136, 1137 (6th Cir.1985), as have several bankruptcy courts,
 
 see In re Mogul,
 
 17 B.R. 680, 681 (Bankr.M.D.Fla.1982),
 
 In re Ponn Realty Trust,
 
 4 B.R. 226, 231 (Bankr.D.Mass.1980). Although chapter 11 contains no explicit limitation excluding persons not engaged in business, those courts have relied on the purpose of chapter 11, as reflected in its legislative history, and on the provisions of chapter 11 itself to find such a limitation.
 
 Winshall,
 
 758 F.2d at 1137. The legislative history is replete with references to chapter ll’s intended application
 
 *505
 
 to business,
 
 see Ponn,
 
 4 B.R. at 229-31, and chapter ll’s provisions are more consistent with application to business enterprises than to individual consumers.
 
 Ponn,
 
 4 B.R. at 231 (“the legislative history can leave no doubt that Chapter 11 * * was intended for utilization solely in the business setting and not in a consumer context” and “provisions within Chapter 11 itself would so indicate”).
 

 One circuit court and several bankruptcy courts have adopted the Wamsganz’ position, holding that persons who are not engaged in business may ask for relief under chapter 11.
 
 See In re Moog,
 
 774 F.2d 1073, 1075 (11th Cir.1985);
 
 In re Gregory,
 
 39 B.R. 405, 408-09 (Bankr.M.D.Tenn.1984);
 
 In re Warner,
 
 30 B.R. 528, 529 (Bankr. 9th Cir.1983). In
 
 Moog,
 
 the court took a different view of the history and content of chapter 11 and found that where the consumer debtor did not qualify for chapter 13 relief and chapter 7 relief would entail the loss of her home, chapter 11 was available. The court’s statements that consumer debtors “might file under Chapter 11 if compelled to do so under certain circumstances” and that a “unique circumstance” was present there,
 
 Moog,
 
 774 F.2d at 1074-75, raise an inference that persons who are not engaged in a business may not seek chapter 11 relief absent special circumstances.
 

 We agree with the fifth and sixth circuits and the other decisions holding that persons who are not engaged in business may not seek relief under chapter 11 of the Bankruptcy Code. The legislative history of the Bankruptcy Code, taken as a whole, shows that Congress meant for chapter 11 to be available to businesses and persons engaged in business, and not to consumer debtors. The Senate Report states that “[c]hapter 11 deals with the reorganization of a financially distressed business enterprise” and refers to chapter 11 as a “single chapter for all business reorganizations.” S.Rep. No. 989, 95th Cong., 2d Sess. 9,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5795. The House Report contains a chapter on “consumer debtors” giving no indication that chapter 11 is to be available to nonbusinesses.
 
 See
 
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 116-73 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5963, 6076-6134. In fact, the chapter notes that some chapter 13 proceedings by individuals engaged in businesses would be more appropriate under chapter 11.
 
 Id.
 
 at 119, 1978 U.S.Code Cong. & Admin.News at 6080. The House Report’s chapter on “reorganization” likewise excludes any discussion of consumer debtors and refers to chapter 11 as “a consolidated chapter for all business reorganizations.”
 
 Id.
 
 at 223, 1978 U.S.Code Cong. & Admin.News at 6183. Senator DeConcini, one of the legislative leaders in the passage of the Bankruptcy Code,
 
 see
 
 Klee,
 
 Legislative History of the New Bankruptcy Law,
 
 28 De Paul L.Rev. 941, 941 n. 6 (1979),
 
 reprinted in
 
 App. 2
 
 Collier on Bankruptcy
 
 v, vi n. 6 (15th ed. 1979), and Representative Edwards, the floor manager of the legislation in the House,
 
 id.,
 
 described chapter 11 as “a consolidated approach to business rehabilitation.” 124 Cong.Rec. S17406, S17419 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini); 124 Cong.Rec. H11089, H11102 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). Representative Edwards also termed it a “new commercial reorganization chapter.” 124 Cong.Rec. H11089, H11089 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). The provisions of chapter 11 substantiate this reading of the legislative history. For instance, one provision states that “[a] committee appointed under section 1102 * * * may * * * investigate * * the operation of the debtor’s
 
 business
 
 and the desirability of the continuance of such
 
 business.”
 
 11 U.S.C. § 1103(c)(2) (1982) (emphasis added).
 

 Even if we were to adopt an approach similar to
 
 Moog,
 
 there are no special circumstances present here that would foreclose other bankruptcy relief. The Wamsganz’ previous chapter 13 petitions were dismissed for defects in the plan, not because their situation was unsuited to any relief under chapter 13. Consequently, chapter 13 relief at least remains available to them.
 

 
 *506
 
 The judgment of the district court affirming the bankruptcy court’s dismissal of the petition is affirmed.
 

 [1]
 

 . The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.
 

 [2]
 

 . The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.