**In re Jill J. LANGE, Debtor.**

**Bankruptcy No. B86–1078.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 23, 1987.

Alexander Jurczenko, Cleveland, Ohio, for debtor.

Bruce J.L. Lowe, William E. Coughlin, Calfee, Halter & Griswold, Cleveland, Ohio, for Jeffrey P. Jerpbak.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the motion of Jeffrey Jerpbak (Jerpbak) seeking dismissal of the Debtor's Chapter 11 case. A hearing was held with notice having been made upon all parties entitled thereto. Pursuant to Rule 7052, Bankr. Rules, the following constitutes the Court's findings:

### I.

The Court has jurisdiction of the within matter under provisions of 28 U.S.C. 1334, and the matter constitutes a core proceeding pursuant to 28 U.S.C. 157(a)(2). Herein, Jill J. Lange (Debtor) caused to be filed her voluntary petition for relief under Chapter 11 on April 14, 1986. Prepetition, Jerpbak purchased the Debtor's personal residence at a sheriff's foreclosure sale in September of 1985. The sale was confirmed on January 7, 1986, with Jerpbak to have taken possession of the premises on April 15, 1986. On April 14, 1986, the Debtor's Chapter 11 petition was filed.[1]

---

1. Debtor's spouse, one William T. Davey, is a Chapter 13 debtor who jointly owned the subject premises with the Debtor.

Subsequently, Jerpbak sought and was granted relief from the automatic stay provision of § 362(a), [11 U.S.C. 362(a) ], on the basis that the residence was sold prepetition and the Debtor was further without the benefit of a redemption period. *See, In re Glenn,* 760 F.2d 1428 (6th Cir.1985) *cert. den.,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119. The Debtor appealed the order granting relief from the automatic stay to the District Court. This appeal is pending.

In support of the instant motion, Jerpbak asserts that the Debtor fails to meet every element of the "ongoing business" and "good faith" requirements necessary to sustain a Chapter 11 case. More specifically, he alleges that the Debtor is an individual who operates no ongoing business which she seeks to reorganize, and her Chapter 11 petition was filed solely to forestall her duly ordered eviction from residential premises which this Court had earlier determined was not property of the Debtor's estate.[2] In that ruling this Court found, *inter alia,* that residential premises located at 359 Bentleyville Road in Moreland Hills, Ohio, were jointly owned by the Debtor and her spouse (William T. Davey) until sold at a sheriff's sale on September 23, 1985. Jerpbak was the successful bidder, with the sale being confirmed on January 7, 1986. Confirmation was forthwithly followed by a delivery of the deed to Jerpbak who caused it to be recorded. After the sale but prior to confirmation of sale, Davey sought relief under Chapter 13 on October 1, 1985. Subsequently, on December 21, 1985, a settlement entry was filed in his Chapter 13 case which effectively permitted relief from stay in order for the foreclosure proceedings to conclude. Such led to the sale's confirmation on January 7, 1986. Ten days later, Davey unsuccessfully moved to vacate the lifting of the automatic stay; however, his earlier filed but dismissed complaint to avoid transfer was reinstated. Thereupon, Jerpbak obtained a Writ of Possession and Order of Execution to evict the Debtor and Davey from the subject premises. The eviction was scheduled for April 15, 1986. Upon Davey's voluntary dismissal of his complaint to avoid transfer on April 14, 1986, his wife (the present Debtor) filed her petition for relief under Chapter 11 of the Code on the afternoon of April 14, 1986.

■ It is patently clear from the aforementioned history of this case that the Debtor's Chapter 11 filing is tantamount to nothing less than a filing in bad faith. No sooner was the automatic stay lifted in her husband's Chapter 13 case to effect their eviction from the subject premises, than Debtor filed her petition under Chapter 11. A close examination of the files in this matter reveals no ongoing business which is to be reorganized in a Chapter 11 proceeding.[3] An inactive "free-lance technical writing" clearly does not represent an ongoing business concern for Chapter 11 purposes. The Debtor's filing of a proposed plan of reorganization without a required disclosure statement on the eve of the dismissal hearing is nothing more than a continuing indication of a petition filed in bad faith.[4] In her apparent rush to further forestall the eviction process, it is observed that the Debtor's Chapter 11 petition was filed on a Chapter 13 form.

■ The purpose of a Chapter 11 reorganization is to assist financially distressed business entities by providing them temporary relief from creditors while they attempt to successfully restructure themselves to a viable status. In re *Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir.1985). Although the "ongoing business" requirement is not explicitly set forth

---

**2.** *See,* Memorandum of Opinion and Order, filed June 14, 1986, *In re Jill J. Lange,* Case No. B86–1078, (Bankr.N.D.Ohio, 1986), Baxter, J.

**3.** In fact, at the April 15, 1986 hearing, Debtor's counsel conceded she operated no business other than an inactive "free-lance technical writing." Hearing Tr. 29, 30.

**4.** Section 1125(b), [11 U.S.C. 1125(b) ] provides that "[the] acceptance or rejection of a plan may not be solicited ... unless, at the time of or before such solicitation, there is transmitted ... a written disclosure statement...."

in Title 11, such a requirement is inherent from the statute and is clearly implied in relevant provisions of 11 U.S.C. 1112(b). *Winshall, Id.* In this regard, the Debtor has failed to satisfy this requirement, and her attempt to distinguish the Court's holding in *Winshall* is without merit. The facts of the matter, *sub judice*, are somewhat similar to those of *Winshall*, wherein the right of redemption to certain property had expired and the Trust filed its petition for the alleged purpose of setting aside a foreclosure sale as a voidable transfer under 11 U.S.C. 548(a)(2)(A). *See also, In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986); *Wamsganz v. Boatmen's Bank of DeSoto*, 804 F.2d 503 (8th Cir.1986) regarding an "ongoing business" requirement.[5]

▆ Absence of good faith may also constitute cause for dismissal under § 1112(b). *Winshall, supra* at 1137; *In re Dolton Lodge*, 22 B.R. 918, 922 (Bankr.N.D.Ill. 1982). Factors to be considered in determining whether a petition has been filed in good faith may include (1) whether the debtor has any assets, (2) whether the debtor has an ongoing business to reorganize, and (3) whether there was a reasonable probability of a plan being proposed and confirmed. *In re Eden Associates*, 13 B.R. 578, 585 (Bankr.S.D.N.Y.1981); *Winshall, supra*. *See also, In re Tinkopp*, 141 F.2d 731 (7th Cir.1944) (which held that a state court's mortgage foreclosure proceeding was valid and the equity of redemption had expired, causing the debtor to have no interest in the property for which it sought to provide arrangement. Therein, the dismissal of the Debtor's petition was proper.).

▆ It is recognized that the filing of a bankruptcy petition on the eve of a foreclosure sale is not, standing alone, sufficient indicia of a bad faith filing. That situation, however, is not what is presently before the Court. This Court has previously ruled that the Debtor has no interest in

the subject property since the Debtor's redemption rights had expired prepetition. What gives rise to bad faith is the fact that the Debtor's petition was filed to forestall an eviction process in the same property where the Debtor clearly possessed no legal or equitable interest. That factor is further compounded by the Debtor's filing her petition under Chapter 11 where there exists no viable ongoing business to be rehabilitated, and the Debtor's hurried filing of a plan of reorganization without an attendant disclosure statement. On that specific point, Rule 3016(c) requires the filing of a disclosure statement with the plan of reorganization or within a time fixed by the Court. Rule 3016(c), Bankr.Rules. Further, Rule 3017 provides the procedure for a hearing on the disclosure statement prior to voting and confirmation of the plan. The disclosure statement is integrally related to the plan, and the filing of a plan without a disclosure statement is not only contrary to law but further provides no basis for an evaluation of the plan. Thusly, the Debtor has failed to satisfy the third prong of the good faith test, in that no disclosure statement was filed and therefore there exists no reasonable probability of a plan's being proposed and confirmed in light of the above deficiency.

▆ An examination of the Debtor's stated assets is of interest. Her Schedule B-1.—Real Property, lists two parcels of real estate at a total stated market value of $315,000.00. The first property listed is the personal residence located at 359 Bentleyville Road in Moreland Hills, Ohio, wherein she claims an undivided one-half interest with her husband, Davey, at a market value of $250,000.00. It is to be noted that this is the Debtor's principal asset and is also the property in which this Court has previously ruled the Debtor has no interest, as stated above. It is unclear whether the $250,000.00 value represents the property's total value or the Debtor's undivided one-half interest. The second parcel reflects a

---

**5.** The legislative history of Chapter 11 further supports the understanding that Chapter 11 reorganization was designed for ongoing business concerns. *See,* Senate Report No. 95–989, pp. 3–9, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5789–5795; H.R.Rep. No. 95–595, U.S. Code Cong. & Admin.News 1978, p. 5787.

market value of $65,000.00, and purportedly, is an undivided one-half interest shared by Debtor with her husband. As described in a legal description attached to Schedule B, the latter property is land located in the City of Pontiac, Michigan. Beyond the realty, personal property inclusive of two bank accounts, household goods, textbooks, clothing, jewelry, and two automobiles, etc., were market valued in the total amount of $22,596.00. To the extent that the Debtor denominated certain assets as being undivided one-half interests with her spouse, the value of the undivided interests should have been clearly reflected in the schedules regarding both the real and personal property. Further, the schedules reflect secured debts totalling $197,558.00 and unsecured debts of $28,797.00. Neither the described liabilities nor assets are necessarily indicative of an ongoing business concern which the Debtor's own counsel described as being an inactive "freelance technical writing." Moreover, no monthly operating reports have been filed as ordered by the Court which would further evidence an ongoing business. (*See,* Order dated May 22, 1986.) Thusly for the reasons stated herein, the Debtor possesses no ongoing business which is amenable to rehabilitation; her assets are not peculiarly related to an ongoing business concern; and, as presented, there exists no reasonable probability of the plan being proposed and confirmed. The petition was filed solely to thwart a court-approved eviction proceeding concerning property in which the Debtor possesses no interest. The petition filing was made in bad faith.

Under Rule 8005, Bankr.Rules, the Court may suspend or order the continuation of other proceedings in a case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. *See, In re Cossett,* 51 B.R. 166 (Bankr.S.D.Ohio 1985). In further consideration of the status of this Court's jurisdiction following an appeal, the Sixth Circuit has aptly addressed this concern as follows:

> As a general rule the filing of a notice of appeal divests the [trial court] of jurisdiction and transfers jurisdiction to the court of appeals. This, however, is not an inflexible rule. Thus this court has consistently held that a [trial] court retains jurisdiction to proceed with matters that are in aid of the appeal. (citations omitted). *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981).

In view of the above law of this Circuit and this Court's authority provided under § 105(a) [11 U.S.C. 105(a) ], to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [Title 11]," the within case constitutes a filing in bad faith and is therefore an abuse of Title 11 of the Code. Further, the Debtor's arguments raised for the first time regarding § 548(a)(2)(A) are not well-founded, as it is well established that although the subject sale was a transfer of property, the sale thereof established the reasonable value of the property as a matter of law. Consequently, the sale cannot be attacked under § 548 as a fraudulent conveyance. *See, In re Verna,* 58 B.R. 246 (Bankr.C.D.Calif.1986).

Accordingly, the movant's motion to dismiss is granted, and the Debtor's alternative motion to abstain or stay further proceedings is hereby denied.

IT IS SO ORDERED.