**GRUNDY NATIONAL BANK, Plaintiff,**

v.

**David W. & Nancy J. SHORTT, Defendants.**

**Civ. A. No. 87–0250–A.**

United States District Court, W.D. Virginia, Abingdon Division.

Dec. 17, 1987.

Michael L. Shortridge, Norton, Va., for plaintiff.

John Lamie, Abingdon, Va., for defendants.

GLEN M. WILLIAMS, District Judge.

This appeal is before the court on the Order of the United States Bankruptcy Court dated August 27, 1987 denying appellant's motion to dismiss appellees' Chapter 11 proceeding.

The appeal raises one primary and several secondary issues. The most noteworthy question is whether persons not engaged in business may seek relief under Chapter 11 of the Bankruptcy Code. The federal appellate courts are divided on this issue and precedent from within the Fourth Circuit is almost nonexistent. The secondary issues raised by the appellant are factual disputes as to whether the debtors actually were engaged in business and whether they operated in good faith. Intertwined with these factual issues is a question concerning the procedural correctness of the bankruptcy court's findings of fact and whether they are entitled to be considered under the clearly erroneous standard of review. The court affirms the bankruptcy court's August 27 Order and dismisses the appeal.

The court holds that Chapter 11 is available to non-business debtors. Because of that holding, it is unnecessary to rule on whether the debtors actually were involved in business or on the bankruptcy court's finding of fact on that issue. The court further finds that the bankruptcy court did not make a finding of fact or otherwise rule on the good faith question. Accordingly, the court is not in a position to decide that issue on appeal. Because it was not properly before the court, however, the court's dismissal of the good faith issue is without prejudice.

Pursuant to Bankruptcy Rule 8012, appellant has requested oral argument. After examination of the briefs and record, however, this court determines that the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. Oral argument is denied.

## FACTS

The resolution of this appeal depends upon interpretations of law, not fact. In light of this, the court refrains from a detailed factual recitation and presents only those facts necessary to put the appeal in context.

On February 4, 1987, David and Nancy Shortt filed a Chapter 13 bankruptcy. In their petition for relief, they listed unsecured loans to Grundy National Bank of one hundred fifteen thousand dollars ($115,000). These loans were listed as contingent and disputed. In actuality, they were neither contingent nor disputed and amounted to approximately one hundred eighteen thousand dollars ($118,000). The parties dispute the reason and motives for the incorrect filing. Upon motion of Grundy National Bank, the bankruptcy court found the debtors ineligible for Chapter 13 relief because their unsecured debt exceeded one hundred thousand dollars ($100,000). The court dismissed the Chapter 13 case and granted leave for the Shortts to file in Chapter 11. Grundy National Bank then moved to dismiss asserting that the Shortts were not business debtors and they therefore were ineligible for Chapter 11 relief. Grundy National Bank also alleged that the Shortts had been operating in bad faith.

Mr. Shortt is an employee and part owner of a small corporation not in bankruptcy. The parties dispute the involvement of Mrs. Shortt in her sister's dress shop in North Carolina. On August 27, 1987, the bankruptcy court denied Grundy National Bank's motion to dismiss. In doing so, it stated its belief that a "business criteria" is not necessary to file in Chapter 11. It also found, as a matter of fact, that the Shortts actually were engaged in business. Grun-

dy National Bank appeals the court's denial of its motion to dismiss.

## CHAPTER 11 ELIGIBILITY

■ In its August 27 Order denying Grundy National Bank's motion to dismiss, the bankruptcy court rejected its contention that nonbusiness debtors were ineligible for relief under Chapter 11. The court now directs its attention to this issue.

The bankruptcy court relied on 11 U.S.C.A. § 109(d) of the Bankruptcy Code to reject Grundy's argument. This section states that "[o]nly a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title." 11 U.S.C.A. § 109(d) (Supp. 1987). The criteria for chapter 7 eligibility clearly does not include a business debt requirement. *See* 11 U.S.C.A. § 109(b) (Supp.1987). Moreover, the term "person" includes an individual. 11 U.S.C.A. § 101(35) (Supp.1987). A plain reading of the statutory language, therefore, does not preclude nonbusiness debtors from utilizing Chapter 11 of the Bankruptcy Code.

Unfortunately, an analysis of this question cannot stop at a reading of the Code. Relying on the statutory structure of chapter 11 and its legislative history, several courts have denied chapter 11 relief to individual nonbusiness debtors. *See, e.g., Wamsganz v. Boatmen's Bank of De Soto,* 804 F.2d 503 (8th Cir.1986); *In re Lange,* 75 B.R. 154 (Bankr.N.D.Ohio 1987); *In re Bendig,* 74 B.R. 47 (Bankr.D.Conn.1987). Other courts have emphasized the business nature of chapter 11, essentially adding support to Grundy's position. *See, e.g., In re Little Creek Development Corp.,* 779 F.2d 1068 (5th Cir.1986); *In re Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir. 1985); *In re Ponn Realty Trust,* 4 B.R. 226 (Bankr.D.Mass.1980). Yet, judicial opinion is not unanimous. In fact, the question has split the appellate courts. *See, e.g., In re Moog,* 774 F.2d 1073 (11th Cir.1985) (allowing consumer debtor to proceed under Chapter 11). Nor is the Eleventh Circuit standing alone on this issue; several other courts have also allowed individual consumers to file under Chapter 11. *See, e.g., In re Warner,* 30 B.R. 528 (9th Cir. BAP 1983); *In re Young,* 76 B.R. 376 (Bankr.D.Del.1987); *In re Greene,* 57 B.R. 272 (Bankr.S.D.N.Y.1986); *In re Gregory,* 39 B.R. 405 (Bankr.M.D.Tenn.1984). Depending on how one interprets the actual holding of *Winshall Settlor's Trust, supra,* the authority of *Gregory* may be in question because Tennessee is in the Sixth Circuit. Nevertheless, *Gregory* remains as persuasive precedent for this court.

In *Wamsganz,* the debtors were a married couple who never owned or operated a business enterprise. Their income was derived from social security, pensions, and property rental. *Wamsganz,* 804 F.2d at 504. Although the court acknowledged that Chapter 11 contained "no explicit limitation excluding persons not engaged in business," it concluded that the legislative history of the Bankruptcy Code "shows that Congress meant for Chapter 11 to be available to businesses and persons engaged in business, and not to consumer debtors." *Id.* at 504–05. The court then engaged in a lengthy legislative analysis that, admittedly, demonstrates that Chapter 11 was primarily designed for business debtors. See also the extensive legislative history cited in *In re Ponn Realty Trust,* 4 B.R. 226, 229–31 (Bankr.D.Mass.1980).

■ Nevertheless, the mere fact that Congress intended Chapter 11 to be primarily for business debtors does not mean that it wished to preclude consumer debtors. Relying also upon legislative history, the Eleventh Circuit determined that "[w]hile Chapter 11 is primarily aimed at business debtors, consumer debtors might find Chapter 11 appropriate under certain circumstances." *In re Moog,* 774 F.2d at 1074. Because the debtor in *Moog* had no regular source of income, she could not qualify for reorganization under Chapter 13. She did have a source of periodic income, however, that possibly could sustain a Chapter 11 reorganization plan. If she was precluded from utilizing Chapter 11, her only recourse would be a Chapter 7 liquidation that would result in the loss of her home. The court believed that her case

presented "the unique circumstance where Chapter 11 is preferable over Chapter 13 for a consumer debtor who wishes to reorganize." *Id.* at 1075.

This court is of the opinion that the Bankruptcy Code does not preclude non-business debtors from filing under Chapter 11. Several commentators have reached the same conclusion. *See* Herbert, *Consumer Chapter 11 Proceedings: Abuse or Alternative?*, 91 Com.L.J. 234 (1986) (relying on legislative history and structure of the Bankruptcy Code); Morris, *Substantive Consumer Bankruptcy Reform in the Bankruptcy Amendments Act of 1984*, 21 Wm. & Mary L.Rev. 91, 97 (1985) (relying on plain reading of 11 U.S.C.A. § 109(d)); 2 Collier on Bankruptcy ¶ 109.04 (15th ed. 1987) (relying on *In re Moog, supra*).

Although it was written before the Eighth Circuit's opinion in *Wamsganz*, Professor Herbert's article addresses the same cases and materials upon which the court in *Wamsganz* relied. Accordingly, the article provides a useful and convincing rebuff to those who contend that consumers may not file under Chapter 11. Herbert states that "[a]lthough the economics of Chapter 11 make it probable that consumers will rarely elect it as an alternative to Chapters 7 and 13, it is an appropriate vehicle for those consumer debtors who wish to reorganize but for whom Chapter 13 is unavailable, inadequate, or unduly expensive." Herbert, *supra*, at 251. Upon examination of the relevant United States Senate and House of Representatives reports, he concludes "that Chapter 11 is available—just unwise" for consumer debtors. *Id.* at 238. For example, the Senate report states that "Chapter 11, Reorganization, is primarily designed for businesses, *but permits individuals to use the chapter.* The procedures of Chapter 11, however, are sufficiently complex that they will be used only in a business case and not in the consumer context." Herbert, *supra*, at 238 (citing S.Rep. No. 989, 95th Cong., 2nd Sess. 3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5789) (emphasis added) (Herbert's emphasis deleted). The House report states that:

Though this report is divided between consumer debtors and business debtors, the bill itself makes no such distinctions.

\* \* \* \* \* \*

Chapter 11, Reorganization, is primarily designed for businesses, *but permits individuals to use the chapter.* The procedures of Chapter 11, however are sufficiently burdensome that their use will only make sense in the business context, and not in the consumer context.

Herbert, *supra*, at 239 (citing H.Rep. No. 595, 95th Cong., 1st Sess. 6 (1977), U.S. Code Cong. & Admin.News 1978, p. 5968) (emphasis added) (Herbert's emphasis deleted). Accordingly, "[t]he clear implication of both reports is that consumers *won't* use Chapter 11 because it is expensive—not that they *can't* use Chapter 11 because it is unavailable." Herbert, *supra*, at 239 (emphasis in original).

Some courts have examined the structure of Chapter 11 to bolster their contention that it is designed only for business debtors. For example, in one leading case, the court observed that Chapter 11 requires the appointment of a committee of unsecured creditors whose duties include the investigation of the operation of the debtor's business. *In re Ponn Realty Trust*, 4 B.R. 226, 231 (Bankr.D.Mass.1980). But as Professor Herbert noted:

The presence of 'business oriented' procedures in Chapter 11 is an equally unconvincing reason for prohibiting the chapter's use by consumers. There is surely no question that a consumer can liquidate under Chapter 7; yet it too contains provisions relating to the debtor's business—e.g., the court may authorize the trustee to operate the debtor's business for a limited period of time. Similarly, Chapter 13 (which *Ponn Realty* saw as the consumer's reorganization chapter) is not exclusively reserved to consumers; it may also be used to reorganize a small sole proprietorship.

Herbert, *supra*, at 239 (footnotes deleted).

This court's research has revealed only one case from the Fourth Circuit that addresses this issue. *See In re Bradley*, 60

B.R. 571, 574 (Bankr.E.D.Va.1986) (court notes in dicta that individuals are eligible for Chapter 11 relief). Despite the scarcity of Fourth Circuit precedent, this court is convinced that "[t]he legislative history [of Chapter 11] does not support the contention that Congress intended to force individual, wage-earning debtors into a Chapter 7 liquidation if relief under Chapter 13 is unavailable or unsatisfactory." *In re Gregory,* 39 B.R. 405, 409 (Bankr.M.D. Tenn.1984). That being the case, the court is not prepared to go beyond the plain meaning of 11 U.S.C.A. § 109(d) to preclude the Shortts from filing a Chapter 11 proceeding. They have assets that they wish to save. It is the court's conclusion that "Chapter 11 is available to wage earning, consumer debtors willing to master the procedural complexities and shoulder the attendant costs." *Gregory,* 39 B.R. at 409.

### *Bankruptcy Court's Finding of Fact*

■ The appellant also disputes the bankruptcy court's factual finding that the Shortts were actually engaged in business. It asserts that the bankruptcy court did not comply with Fed.R.Civ.P. 52, made applicable to the bankruptcy court by Bankruptcy Rule 7052. The Rule specifies the manner in which the court should make findings of fact and law. Because of the alleged violation of this and related procedural rules, the appellant insists that the bankruptcy court's finding is not entitled to be considered under the "clearly erroneous" standard of review. Appellant also contends that it is unsupported by the evidence.

Fortunately, this court does not need to address the issue. Because it has found that non-business debtors are eligible for Chapter 11 relief, it does not matter whether the Shortts were engaged in business or not.

### *Good Faith Issue*

■ In its motion to dismiss, appellant alleged that the Shortts had been operating in bad faith. The August 27 Order of the bankruptcy court does not address this issue. Moreover, the transcript of the August 17 hearing before the bankruptcy court reveals that appellant did not argue the issue before that court. Appellant has raised the issue on appeal as a ground for reversing the bankruptcy court and dismissing the Shortts' Chapter 11 proceeding.

■ Because the bankruptcy court did not make a finding of fact regarding the question, this court is not in a position to rule on the issue. Upon its own examination of the record, however, the court is not convinced that the Shortts operated in bad faith. In light of this fact and the court's rulings on the other issues on appeal, the dismissal of appellant's appeal is without prejudice as to the good faith issue only. If it wishes, appellant may approach the bankruptcy court to further develop the record on this issue and may re-appeal at a later date.

### *Conclusion*

The court affirms the bankruptcy court's August 27 Order denying appellant's motion to dismiss. The court finds that non-business debtors are eligible for Chapter 11 relief. Because of this finding, the court refrains from deciding whether the appellees actually were engaged in business. The court is not in a position to decide the good faith issue because the bankruptcy court did not make a finding of fact. The court's dismissal is without prejudice as to the good faith issue.

AFFIRMED. This appeal is dismissed and the case is stricken from the docket.