In the Matter of **OMAHA MIDWEST WHOLESALE DISTRIBUTORS, INC., Debtor.**

Merle **NICOLA**, Trustee, Plaintiff,

v.

**F.I.E. CORPORATION**, Defendant.

Bankruptcy Nos. BK86–2775, A88–4.

United States Bankruptcy Court, D. Nebraska.

Dec. 19, 1988.

158

Christopher Connolly, Thompson, Crounse, Pieper, & Brumbaugh, Omaha, Neb., for trustee.

David Begley, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for F.I.E. Corp.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

An evidentiary hearing on the complaint of the trustee to avoid a particular transfer was heard August 19, 1988. Christopher Connolly of Thompson, Crounse, Pieper, & Brumbaugh appeared for the trustee. David Begley of Kennedy, Holland, DeLacy & Svoboda appeared for F.I.E. Corporation. At the hearing additional legal arguments were ordered, which the Court has received and reviewed. This memorandum constitutes the Court's findings of fact and conclusions of law pursuant to Bankr.R. 7052.

### Statement of Facts

The following facts were stipulated by the parties:

On September 25, 1986, at 1:22 P.M., three creditors of debtor filed an involuntary bankruptcy case under Chapter 7 against debtor. The case was assigned the number BK86–2775.

On September 25, 1986, debtor ordered, on open account, from the defendant certain firearms in the total amount of $8,266.32. The firearms were shipped by Yellow Freight System, Inc., and were delivered to Yellow Freight System, Inc., for carriage to debtor after 1:22 P.M. on September 25, 1986.

Debtor returned a number of the firearms to defendant on November 19, 1986, for credit. The fair market wholesale value of the returned firearms was $6,231.29. The firearms returned on November 19, 1986, represent a portion of the order shipped to the debtor. The shipment of firearms on November 19, 1986, constitutes a "transfer" as that term is defined in 11 U.S.C. § 101(50). This Court did not enter an order for relief in the involuntary Chapter 7 bankruptcy case.

The debtor filed a voluntary bankruptcy petition under Chapter 11 of Title 11, United States Code, on November 25, 1986. The debtor converted the Chapter 11 case to a Chapter 7 case on May 1, 1987. At all times relevant, the debtor to this proceeding was insolvent. The transfer has permitted defendant to receive more than it would have received if the case were a case under Chapter 7 of Title 11, the November 19, 1986, transfer had not been made, and the defendant received payment of such debt to the extent provided by the provisions of Title 11. The November 19, 1986, transfer from debtor to defendant represents debtor's payment and exchange for

value given after the commencement of the debtor's involuntary bankruptcy case and is not a satisfaction or securing of a debt that arose before the commencement of the involuntary case.

### Discussion

Plaintiff argues that the voluntary Chapter 11 case is a separate case from the involuntary Chapter 7; since no motion to convert was filed, the commencement date for this bankruptcy case is November 25, 1986. Thus, argues the plaintiff, the November 19, 1986, return of merchandise is a preference under 11 U.S.C. § 547.

Defendant argues that the filing of the voluntary Chapter 11 petition was a conversion of the involuntary Chapter 7 case under 11 U.S.C. § 706. Therefore, says defendant, under 11 U.S.C. § 348, the commencement date of the voluntary Chapter 11 would relate back to September 25, 1986, the date of the involuntary Chapter 7 petition, and the transfer is protected under 11 U.S.C. § 549(b) as a payment made on a post-petition debt.

At least one commentator has discussed the issue of debtor's right to convert a pending involuntary case to a case under a different chapter.

Under section 706(a), a debtor has one absolute right of conversion to chapter 11, 12 or 13 in both voluntary and involuntary chapter 7 liquidations.[1] ... In situations where a debtor has had an involuntary liquidation case commenced against him, section 706 gives him the opportunity of converting that case to a case under chapter 11, 12 or 13 and thus affords him the chance to effect a plan for the repayment of his debts.... [S]ection 706(a) provides that the debtor may convert the Chapter 7 case "at any time." This means that he may make the conversion either before or after an

order for relief has been entered in the liquidation proceeding.
2 Collier on Bankruptcy ¶ 706.01, at 706-2 (15th ed. 1987)

However, "a voluntary petition for an order for relief under Chapter 11 is not a conversion of an involuntary Chapter 7 case." *Id.* at n. 2a. Bankruptcy R. 1017(d) provides that conversion pursuant to Section 706(a) shall be accomplished by motion and service as required by Bankr.R. 9013. Bankr.R. 9013 requires a written motion but does not require notice for any such motion which may be considered ex parte. In addition, Bankr.R. 1017(d) provides that a proceeding to convert a case to another chapter, pursuant to Section 706(a) (among others), is not governed by Bankr.R. 9014 and, thus, a hearing is not required for conversion pursuant to Section 706(a).[2]

On November 25, 1986, debtor filed a voluntary petition under Chapter 11 with an involuntary Chapter 7 case pending, which, as stated above, generally does not effect a conversion. However, in addition to the petition, a Notice of Chapter 11 Filing dated November 25, 1986, read:

### NOTICE OF CHAPTER 11 FILING

TO: CREDITORS AND OTHER PARTIES IN INTEREST:

Please take notice that Omaha Midwest Wholesale Distributors, Inc., this day filed its voluntary petition under Chapter 11, Title 11, United States Code *as contemplated at 11 U.S.C. § 706.*

DATED this 25th day of November, 1986.

(emphasis added).

The Notice also was served upon counsel of record in the involuntary case. From the Notice it is clear that the debtor intended to convert the case to a voluntary case under Chapter 11. The Bankruptcy Court

---

**1.** Conversion to another chapter is allowed only if the debtor may be a debtor under such chapter. 11 U.S.C. § 706(d). Debtor in this case, a corporation, is eligible to be a debtor under Chapter 11. *Cf. Wamsganz v. Boatmen's Bank,* 804 F.2d 503 (8th Cir.1986) (individuals must be engaged in business to seek relief under Chapter 11).

**2.** The Committee Note (as quoted in Collier on Bankruptcy) on Bankr.R. 1017(d) states: "No hearing is required on these motions unless the Court directs." 8 Collier on Bankruptcy § 1017.07 (15th ed.1988). Also, notice must be given if the Court so directs. *Id.*

assigned the number originally given to the involuntary Chapter 7 case (BK86–2775) to the voluntary Chapter 11 case.[3]

This Court entered an order for relief under Chapter 11, dated November 25, 1986, "on consideration of the petition filed on 9–5–86." It appears to the Court that the petition and the notice were effectively the same as a motion to convert, that the requirements for converting, both by statute and by rule, have been met. The Court finds that the debtor did effect a conversion of the involuntary Chapter 7 case to a voluntary case under Chapter 11.[4]

Conversion of a case from one chapter to another "constitutes an order for relief under the chapter to which the case is converted," but the date of the filing of the petition, the commencement of the case, or the order for relief are generally unaffected by conversion. 11 U.S.C. § 348(a). "Conversion of a pending liquidation does not create any breach in the case, on the contrary, continuity is preserved, so that the date of the original Chapter 7 petition is the date of cleavage for the determination of such questions as the avoidance of preferences ...," etc. 4 Collier on Bankruptcy ¶ 706.01 at 706–3 (15th ed.1987). "The reorganization or repayment plan case is deemed to have been originally commenced as of the date of the filing of the first petition initiating a case under the Code." (footnotes omitted). *Id.* Since this Court has determined that debtor effected a conversion of its pending liquidation, the date of the original Chapter 7 petition is the date the Chapter 11 case is deemed to have been commenced.

The November 19, 1986, transfer, then, is a post-petition transfer. It has been stipulated that the debt arose after the filing of the involuntary petition and that the transfer represented debtor's payment and exchange for value given after the commencement of the involuntary case. Based on the Court's ruling that this case is

deemed commenced as of the date of the filing of the involuntary petition, i.e., September 25, 1986, the debt arose after the commencement of the case. The transfer of the firearms on November 19, 1986, is a post-petition transfer for value given after the commencement of the case but before the order for relief and may not be avoided by the trustee. *See* 11 U.S.C. § 549(b).

It is this court's ruling that:

1. On November 25, 1986, debtor converted the pending involuntary Chapter 7 case to a voluntary Chapter 11 case. Therefore, the bankruptcy case is deemed to have commenced on September 25, 1986, the date of the involuntary petition.

2. The November 19, 1986, transfer from debtor to defendant was not a preference but rather a post-petition transfer protected under 11 U.S.C. § 549(b) and may not be avoided by plaintiff/trustee.

It is ordered that judgment is entered in favor of defendant.

Separate journal entry to be entered this date.

---

**3.** The Court notes that no party objected to the assignment of the same bankruptcy case number or to the order for relief, although neither the action by the Court nor the inaction of the parties is controlling or dispositive.

**4.** The proper procedure for conversion by a debtor from an involuntary case to a voluntary case, before an order for relief is entered, is specified in Bank.R. 1017(d).