**In re Richard F. FERNANDEZ, Debtor.**

**Bankruptcy No. 89–00015–S07.**

United States Bankruptcy Court, E.D. North Carolina.

March 9, 1989.

James Oliver Carter, Wilmington, N.C., for debtor.

## ORDER DISMISSING APPLICATION AND ORDER DIRECTING DEBTOR TO FILE PLAN

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Application for Authority to Receive Personal Living Expenses/Compensation" filed by the debtor on February 16, 1989. The application was only served on the Bankruptcy Administrator who has not filed a response.

The debtor is an emergency room physician practicing medicine in Wilmington, North Carolina. He is employed by First Physician, P.A., a professional corporation owned entirely by the debtor, and receives a gross salary of $9,500 per month. The application requests authority for the debtor to receive and retain his salary for personal living expenses in the chapter 11 case.

An individual chapter 11 debtor's postpetition compensation, however, is not part of the debtor's chapter 11 estate. 11 U.S.C. § 541(a)(6). *In re Summerlin*, 26 B.R. 875, 877–78 (Bankr.E.D.N.C.1983). Consequently, the debtor's application is unnecessary and is DISMISSED.

Shortly after this case was filed, the court's standard chapter 11 operating order was entered directing the debtor to file a plan of reorganization within 120 days from the filing date of the petition. After reviewing the case file in connection with this application, the court is of the opinion that the time for filing a plan should be reduced, and that the plan should be filed by the debtor on or before March 24, 1989 (80 days after the filing of the petition).

■ As a general rule this court will order a chapter 11 debtor to file a plan within 120 days from the date of filing the petition.[1] Every chapter 11 case, of course, is different and in some circumstances the time within which the debtor is required to file a plan should be extended while in others the time should be reduced. It may be unwise in a complicated chapter 11 case to insist that a debtor file a plan prematurely to meet the court imposed 120 day deadline, while, on the other hand, it may be imprudent to allow the debtor the full 120 days when it is clearly not needed.

■ Chapter 11 is designed primarily for businesses, but an individual whose income is primarily wages may be a chapter 11 debtor as well.[2] That does not mean that a chapter 11 wage earner case will be handled in the same way as a large corporate case. Typically, the wage earner will not need 120 days to file a plan and it is this court's practice to require the plan to be filed more quickly.[3] There is no good reason why most consumer chapter 11 cases should not be put on a fast track. After all, chapter 13 debtors must file their plans with the petition or within 15 days thereafter. Bankruptcy Rule 3015. Family farmers, whose affairs are considerably more complicated than the average consumer, must file their chapter 12 plans within 90 days of the order for relief. 11 U.S.C. § 1221. Requiring Dr. Fernandez to file a plan within 80 days of the filing of this case is reasonable.[4]

There is one other matter which should be mentioned. The debtor's application states that the debtor needs his salary of $9,500 per month for personal living expenses. If the debtor's plan provides that the debtor will use his substantial income to make heavy mortgage payments on a lavish house, to pay for luxury cars, and to generally support an extravagant lifestyle, the plan may not meet the confirmation requirements of 11 U.S.C. § 1129(a).

■ There is no "disposable income" test in chapter 11 as there is in chapter 12 (11 U.S.C. § 1225(b)) and chapter 13 (11 U.S.C. § 1325(b)), but a plan must be proposed in good faith to be confirmable. 11 U.S.C. § 1129(a)(3). Ability to pay is certainly one factor that this court looks to when determining if a chapter 13 plan has been proposed in good faith (11 U.S.C. § 1325(a)(3)), and that factor would certainly be relevant in a consumer chapter 11 case such as the one now before the court. *See Deans v. O'Donnell*, 692 F.2d 968 (4th Cir.1982) (chapter 13).

SO ORDERED.

---

**1.** The 120 day period coincides with the 120 period of 11 U.S.C. § 1121(b) during which only the debtor in possession may file a plan. The time period within which the debtor is required by court order to file a plan is, however, entirely separate from the exclusive period.

**2.** *Grundy National Bank v. Shortt*, 80 B.R. 802 (W.D.Va.1987); *In re Moog*, 774 F.2d 1073 (11th Cir.1985); *but cf. In re Wamsganz*, 804 F.2d 503 (8th Cir.1986) (holding that persons not engaged in business may not seek relief under chapter 11).

**3.** The court also follows this practice with respect to small uncomplicated corporations. Small, *Chapter 11(a)—Accelerated Reorganiza-* *tion,* 8 Norton Bankruptcy Law Adviser 3 (August, 1987).

**4.** "Early and ongoing judicial management of Chapter 11 cases is essential if the Chapter 11 process is to survive and if the goals of reorganizability on the one hand, and creditor protection, on the other, are to be achieved." *In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 373 (5th Cir.1987), *aff'd, United Savings Association v. Timbers of Inwood Forest, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Although this language is not repeated in the Supreme Court's decision affirming the court of appeals' decision, the sentiments expressed by the Fifth Circuit reflect this court's views with respect to chapter 11 cases.