**In re Paula MARTIN-AMIRAULT.**

**Bankruptcy No. 89–941.**

United States Bankruptcy Court,
D. New Hampshire.

March 8, 1990.

Leonard Deming, Nashua, N.H., for debtors.

I. Michael Winograd, Concord, N.H., for Realty Funding Corp.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

Before me is a Motion to Dismiss by debtor's principal creditor Realty Funding Corporation on the ground that a non-business debtor is not entitled to file a chapter 11 petition as a matter of law. This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 157, and the general reference order dated February 11, 1985 by the U.S. District Court for New Hamp-

shire. A hearing was held on February 23, 1990, and on that date I ordered that the motion be denied, but took leave to refine my remarks in an opinion.

The debtor lives with a companion in a house subject to a mortgage held by the moving creditor. The debtor has no regular source of income, and, therefore, would not be entitled to chapter 13 relief. The debtor intends to finance her plan of reorganization with cash provided by her companion, who is not a debtor in this court.[1]

There is no First Circuit decision on this issue. However, one court in this circuit has recently decided this issue. In *In re Cook*, 98 B.R. 624 (Bankr.D.Mass. 1989), Judge Queenan held that an individual not engaged in business could seek chapter 11 relief. Courts elsewhere are split on this issue with the bulk favoring allowing relief. Compare *In re Moog*, 774 F.2d 1073 (11th Cir.1985); *Gonzales v. Parks*, 830 F.2d 1033, 1034 n. 1 (9th Cir.1987) (dictum); *Grundy Nat'l Bank v. Shortt*, 80 B.R. 802 (W.D.Va.1987); *In re McStay*, 82 B.R. 763 (Bankr.E.D.Pa.1988); *In re Greene*, 57 B.R. 272 (Bankr.S.D.N.Y.1986) with *Wamsganz v. Boatmen's Bank of DeSota*, 804 F.2d 503 (8th Cir.1986). (The movant also contends two other circuit court decisions favor its position. *See Matter of Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986)[2]; *Matter of Winshall Settlor's Trust*, 758 F.2d 1136 (6th Cir.1985)[3]).

The start, and in this case the end, of our inquiry is with the statutory language. This method for deciding a dispute involving statutory construction is now the prevailing rule established by the United States Supreme Court. As I stated recently in *In re PSNH*, 108 B.R. 854 (Bankr.D. N.H.1989):

Generally speaking, the "plain meaning rule" will be applied in the federal

---

1. This Court renders no opinion on whether the petition should be dismissed for cause under § 1112(b) of the Code by virtue of this fact. A motion raising this issue is scheduled for subsequent hearing by this Court.

2. This case did not rule on this legal issue, in my opinion, but merely discussed the requirements for finding "bad faith" in filing the petition. A bad faith inquiry is a separate issue

from the one I am deciding today. *See In re Bryan*, 104 B.R. 554 (Bankr.D.Mass.1989).

3. This case was not a substantial ruling on the question of the disqualification of a non-business debtor as a subsequent decision in that circuit has accurately pointed out. *See In re Markunes*, 78 B.R. 875 (Bankr.S.D.Ohio 1987).

courts to statutory language free from ambiguity, notwithstanding policy arguments presented by those contending for an interpretation contrary to the apparent thrust of the language selected by the legislature. The most recent pronouncements by the Supreme Court on this issue in the bankruptcy area make this clear. The decision in *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d [290] (1989), is apposite. In this case, the Court read Section 506(b) of the Bankruptcy Code as allowing postpetition interest on an oversecured nonconsensual prepetition claim. In making its ruling, the Court emphasized the plain language of the statute with a reading compelled by the punctuation (notwithstanding an allegedly "misplaced" comma) employed by the legislative drafters. The court stated:

> The task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

> \* \* \* \* \* \*

> The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce result demonstrably at odds with the intention of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

*Id.* 109 S.Ct. at 1030, 1031, 103 L.Ed.2d at 298, 299. Cf. *Mansell v. Mansell*, ——

U.S. ——, 109 S.Ct. 2023, 2031, 104 L.Ed.2d 675, 688 (1989) ("Our task is to interpret the statute as best we can, not to second guess the wisdom of the congressional policy choice").

In this case, the plain meaning of the pertinent statutes is that non-business debtors can use chapter 11. Section 109(d) reads:

> Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title.

This debtor is clearly entitled to chapter 7 relief. Indeed, a "person" is defined to include an individual. See 11 U.S.C. § 101(35).[4] Moreover, Congress showed it knew how to exclude non-business entities when it wanted to because, for example, with regard to trusts filing bankruptcy petitions, it allowed only "business trusts" to be entities entitled to bankruptcy court relief. See 11 U.S.C. § 101(8) and 109. In short, I must agree with the Virginia court that decided this issue that "[a] plain reading of the statutory language ... does not preclude nonbusiness debtors from utilizing chapter 11 ..." *Grundy Nat'l Bank, supra* at 804.

The only exception to the plain meaning rule is "when the literal language of the statute will lead to patently absurd results." *In re PSNH, supra.* However, that principle is not implicated here because it must be remembered that when Congress enacted the Bankruptcy Code in 1978 it was the consolidation of a prior act which had had three separate reorganization chapters, and one of those chapters allowed an individual with real property to reorganize.

It is true that Congress limited chapter 13 to restrict individuals from modifying their first mortgage on their principal residence. See 11 U.S.C. § 1322(b)(2). This indicates that allowing non-business debt-

---

**4.** That section reads in full:

"person" includes individual, partnership, and corporation, but does not include governmental unit, *Provided, however,* that any governmental unit that acquires an asset from a person as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent of a person, will be considered a person for purposes of section 1102 of this title.

ors to file a chapter 11 petition proposing such lien modification arguably conflicts with this aspect of Congressional intent, but I don't think Congress necessarily concluded that if a non-business debtor wanted to go through chapter 11 they couldn't do it because of this feature of chapter 13. Indeed, allowing a non-business individual to file a chapter 11 petition in the present situation, where the debtor does not qualify for chapter 13 with her only alternative being liquidation under chapter 7, just as arguably would comport with overall Congressional intent.[5] See *In re Moog, supra* (debtor could not qualify for chapter 13 relief); *In re McStay, supra*, (same).

Although it is unnecessary to refer to legislative history, see *In re PSNH, supra*, the more persuasive history is that individuals would be allowed chapter 11 relief. The House report states:

> Chapter 11, Reorganization, is primarily designed for businesses, but permits individuals to use the chapter. The procedures of chapter 11, however, are sufficiently burdensome that their use will only make sense in the business context, and not in the consumer context.

H.R. Report No. 95–595, 95th Cong., 1st Sess. 6 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5968. See also S.Rep. No. 95–989, 95th Cong. 2d Sess. 3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5789.

In short, this Court is compelled to conclude as Judge Queenan of Massachusetts recently did:

> Congress could have denied Chapter 11 relief to those who do not operate a business, and it can be argued that it should have. But these considerations are not the province of a court. Both the statute and its legislative history make it plain that Congress did not do so.

*In re Cook, supra*, at 626.

---

**5.** One way to read *Wamsganz, supra*, is to distinguish it on this basis. In that case, chapter 13

relief still remained available to the debtors. *Id.* at 505.