**In re Sheldon Baruch TOIBB, Debtor.**

**Appeal of Sheldon Baruch TOIBB.**

**No. 89-2120.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided May 2, 1990.

Rehearing and Rehearing En Banc Denied June 8, 1990.

Jonathan W. Belsky, Clayton, Mo., for appellant.

No brief filed for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Sheldon Baruch Toibb appeals the District Court's affirmance of the Bankruptcy Court's order dismissing his petition for reorganization under Chapter 11 of the Bankruptcy Code. We affirm.

Mr. Toibb filed a petition in bankruptcy under Chapter 7 of the Code in November of 1986. He then filed a motion to convert his bankruptcy proceeding to one under Chapter 11 eleven months later, and the Bankruptcy Court[1] granted the motion. On March 8, 1988, the Court issued an order to show cause why debtor's case should not be dismissed for Mr. Toibb's failure to qualify as a Chapter 11 debtor. The Court, after holding a hearing on the matter, found that debtor was not engaged in an ongoing business, as required to qualify for Chapter 11 relief under *Wamsganz v. Boatmen's Bank of DeSoto*, 804 F.2d 503 (8th Cir.1986). It then ordered debtor to convert his case back to a Chapter 7 proceeding within 10 days, or the case would be dismissed. Mr. Toibb then appealed the Bankruptcy Court's decision to the District Court,[2] where the decision was affirmed.

Mr. Toibb now appeals to this Court from the District Court's affirmance. He argues that the Bankruptcy Court erred (1) in dismissing his case *sua sponte*, without any such request from his creditors, (2) alternatively, by holding that Chapter 11 relief is available to businesses only; and (3) by finding that he was not engaged in an ongoing business for the purposes of eligibility under Chapter 11. We conclude that the Bankruptcy Court did have authority to dismiss the proceeding *sua sponte*, and that the Bankruptcy Court was controlled by *Wamsganz*, 804 F.2d 503. We can also find no error in the Bankruptcy Court's finding that Mr. Toibb did not qualify as a business entitled to Chapter 11 protection.

Affirmed. See 8th Cir.R. 47B.

---

1. The Hon. Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

2. The Hon. Stephen M. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.