**In re Robert D. MAAS and Ruth Ann Maas, Debtors.**

**Bankruptcy No. 1–90–33807.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 20, 1991.

John F. Kostyo, Findlay, Ohio, for movants.

Maria D. Giannirakis, Cleveland, Ohio, Office of U.S. Trustee.

William Scott O'Brien, Findlay, Ohio, for debtors.

Allen L. Welch, Findlay, Ohio, for The Ohio Bank.

## OPINION AND ORDER DENYING MOTION TO DISMISS

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon motion of Dennis E. Laube and John P. Laube, unsecured creditors to dismiss chapter 11 reorganization to which Debtors are opposed. Upon consideration thereof, the court finds that said motion is not well taken and should be denied.

### FACTS

On October 31, 1990, Debtors filed their voluntary petition under chapter 11 of title 11. Thereafter, on January 23, 1991, Debtors filed their disclosure statement and plan of reorganization. On February 24, 1991, movants, Dennis E Laube and John P. Laube, unsecured creditors, filed the instant motion to dismiss claiming that Debtors fail to qualify for relief under chapter 11 as they filed their petition for the "sole purpose of preventing creditors from recovering upon their lawful judgments without a business to rehabilitate." Debtors oppose this motion claiming that chapter 11 does not require by explicit terms that Debtors be engaged in business in order to effectuate a plan. Additionally, Debtors state that they are ineligible for relief under chapter 13 as a result of their outstanding debts and that liquidation under chapter 7 would not be in creditors' best interest.

Debtors acknowledge that the underlying problem regarding their chapter 11 is that "Debtors organized a corporation known as Wheelin' Works U.S.A., Inc. for the purpose of buying a motorcycle sales and repair business." Memorandum in Opposition at 3. Debtors personally guaranteed certain debts on behalf of that corporation. After the private liquidation of the company, Debtors remained obligated on the personal guarantees; cognovit judgments were subsequently taken against Debtors. Debtors claim that they have offered movants more than they would receive in a liquidation in order to resolve this matter, but, to date, an amicable resolution of this matter has not been successful.

At the hearing held on March 21, 1991, to consider approval of Debtors' disclosure statement, and the merits of movants' motion to dismiss, the parties stipulated that movants would notify the court regarding a possible settlement of this matter. On May 20, 1991, movants filed a request for ruling on motion to dismiss chapter 11 reorganization. The court will now consider dismissal of Debtors' chapter 11 case.

### DISCUSSION

A recent United States Supreme Court case is dispositive of the issue before this court, whether Debtors are eligible for relief under chapter 11 as they have no ongoing business to rehabilitate. In *Toibb v. Radloff,* — U.S. —, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991), the Court held that:

> [t]he plain language of the Bankruptcy Code permits individual Debtors not engaged in business to file for relief under Chapter 11. Although the structure and legislative history of Chapter 11 indicate that this Chapter was intended primarily for the use of business debtors, the Code contains no "ongoing business" requirement for Chapter 11 reorganization, and we find no basis for imposing one.

— U.S. at —, 111 S.Ct. at 2197–98. The Court accepted certiorari in order to resolve the conflict between the eighth and eleventh circuits. *See In re Toibb,* 902 F.2d 14 (8th Cir.1990) (Debtor not engaged in an ongoing business does not qualify for relief under chapter 11) and *In re Moog,* 774 F.2d 1073 (11th Cir.1985) (chapter 11 bankruptcy was not exclusively for business Debtors and could be utilized by consumer Debtors in certain circumstances). In resolving this conflict, the Court stated

that the "plain language of the Bankruptcy Code" defines who may be a Debtor and does not contain an "ongoing business requirement for reorganization under Chapter 11." —— U.S. at ——, 111 S.Ct. at 2197. Because the plain language is "not unclear," the court need not look to legislative history to resolve an ambiguity. *Id.*

Debtors admit that Wheelin' Works U.S.A., Inc. "went 'bust'" and that they are attempting to resolve their personal guarantees. Memorandum in Opposition at 3. Following *Toibb*, although Debtors do not represent an ongoing business they are eligible for relief under chapter 11. It is therefore

ORDERED that motion of Dennis E. Laube and John P. Laube to dismiss chapter 11 reorganization be, and it hereby is, denied.