**In re RANDY HOMES
CORPORATION,
Debtor.**

**Bankruptcy No. 87–2103–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 14, 1988.

See also, Bkrtcy., 84 B.R. 799.

Joel Truehaft, Tampa, Fla., for debtor.
Larry Segall, Tampa, Fla., for movant.

**ORDER ON RENEWED MOTION
TO DISMISS**

ALEXANDER L. PASKAY, Chief
Judge.

THIS IS a Chapter 11 case and the matter under consideration is a challenge by Gene Mason (Mason) to the right of the Randy Homes Corporation (Debtor) to seek relief under Chapter 11 of the Bankruptcy Code. The challenge is presented by a Renewed Motion to Dismiss filed by Gene Mason, a creditor in this Chapter 11 case, who contends first that the petition was filed by a party who had no authority to file a petition for relief on behalf of the Debtor and second, that in any event the petition was filed in bad faith and therefore the case should be dismissed for cause pursuant to § 1112(b) of the Bankruptcy Code.

The evidence presented in support of and in opposition to the Renewed Motion to Dismiss as established at the evidentiary hearing is as follows:

Randy Homes is a Florida Corporation, formed in 1985 by Delores Crumpton who became the sole officer, director and stockholder of the Debtor. It appears that Delores Crumpton had acquired ownership of three parcels of real property as part of a property settlement in connection with the dissolution of her marriage and that she conveyed a portion of the property to her son Randyl Crumpton, his wife Melissa Crumpton and to the Debtor.

As set forth fully in this Court's Order on Motion for Order to Show Cause, a portion of the property owned by the Crumptons and the Debtor was the subject of a foreclosure action and the subject of a Complaint filed by Mr. Mason to specifically enforce a Contract for Sale of the property. This Contract for Sale, dated February 27, 1987, and entered into between Delores, Randyl and Melissa Crumpton, Randy Homes Corporation, and Gene Mason provided for the sale of the real property and further provided that "Delores M. Crumpton hereby resigns, effective immediately, as President, Secretary–Treasurer; and as sole director of said Corporation [Randy Homes]." Immediately before the foreclosure sale was to occur, the Debtor filed its Chapter 11 Petition, and on the same day, quit claim deeds were recorded transferring Randyl and Delores Crumpton's interests in the property to the Debtor.

There is hardly any question that although the Debtor presently has $20,000.00 in its Debtor in Possession account, the Debtor has never done any business, has

no employees, has never filed financial statements in this case, that the Debtor was ordered to file its original schedules by May 15, 1987, and did not file them until May 27, 1987, and that a Plan of Reorganization is yet to be filed in this 11 month old case.

It is the contention of Mr. Mason that the petition for relief was signed by Delores Crumpton as president of the Debtor when in fact she was no longer either an officer, director or stockholder of the Debtor corporation, thus she had no legal authority to file the petition for relief on behalf of the Debtor and, therefore, the case should be dismissed. In the alternative Mason contends that in any event the petition was filed in bad faith, and thus the case should be dismissed for "cause" pursuant to § 1112(b) of the Bankruptcy Code. In opposition the Debtor argues that the petition was not filed in bad faith as the Debtor intended to develop the real property and thereby effectuate a reorganization. Further, the Debtor argues that although the February, 1987, Contract for Sale expressly stated that Delores Crumpton's resignation was effective immediately, Delores Crumpton had authority to file the petition on behalf of the Debtor as she never effectively resigned as president of the Debtor.

Regardless of the foregoing contention by the Debtors, the Court is satisfied that the uncertainty as to Delores Crumpton's authority or lack thereof to file the Chapter 11 petition is not determinative of dismissal because even assuming Delores Crumpton had authority to file a petition on behalf of the Debtor, the facts as set forth in this case warrant dismissal for "cause" based on bad faith filing by the Debtors.

Section 1112(b) of the Bankruptcy Code which governs the dismissal of Chapter 11 cases, provides in pertinent part as follows:

**11 U.S.C. § 1112. Conversion or dismissal**

(b) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause ...

Although "cause" is not expressly defined in the Bankruptcy Code, it is now universally recognized that it is appropriate to dismiss a Chapter 11 case for "cause" if it appears that the petition was filed in bad faith. *In re Waldron*, 785 F.2d 936 (11th Cir.1986); *In re Little Creek Development Co., Inc.*, 779 F.2d 1068 (5th Cir.1986); *In re Welwood Corp.*, 60 B.R. 319 (Bkrtcy.M.D.Fla.1986). In *Welwood, supra*, this Court, citing *In re Little Creek Development Co., Inc., supra*, articulated several factors, one or more of which are usually present in Chapter 11 cases not filed in good faith and which may be considered in a Motion to Dismiss for cause:

(1) debtor has one asset such as a tract of undeveloped or developed real property;

(2) the secured creditors' liens encumber this tract;

(3) there are generally no employees except for the principals;

(4) little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments;

(5) few, if any, unsecured creditos whose claims are relatively small;

(6) the property has usually been posted for foreclosure because of arrearages on the debt;

(7) the debtor has been unsuccessful in defending actions against the foreclosure in state court;

(8) the debtor and one creditor may have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(9) allegations of wrongdoing by the debtor or its principals; and

(10) the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

A comparison of the factors outlined above with the facts of this case leaves the

Debtor in a virtually indefensible position. It is without dispute that the Debtor's only asset is undeveloped real property and that the Debtor has no income, has no employees, has never made any attempts to develop the real property, and has no viable business entity to rehabilitate. It is further without question that the Debtor filed this petition merely to forestall the State Court foreclosure action. Regardless of the fact the Debtor now has a substantial amount of cash in its Debtor–In–Possession account, this Court is satisfied that based on the foregoing the petition was not filed with an honest intent to reorganize. As it is now well established that Courts are not required to retain cases on their dockets which were not filed to achieve the valid, legitimate purposes of the rehabilitative provisions of Chapter 11, the Court is satisfied that cause exists warranting the dismissal of this case for bad faith filing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Renewed Motion to Dismiss be, and the same is hereby, granted and the Chapter 11 case be, and the same is hereby, dismissed.